## Commonwealth *v.* Petrulli, Appellant.

Argued November 17, 1956. Before RHODES, P. J., HIRT, GUNTHER, and CARR, JJ. (WRIGHT, WOODSIDE and ERVIN, JJ., absent).

626

*William Moldovan,* with him *Nicholas R. Stone,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, and *S. Donald Wiley,* Assistant District Attorney, for appellee.

OPINION BY HIRT, J., December 28, 1956:

Defendant conducts a so-called coffee shop in the City of McKeesport. On a charge of conducting a lottery there he was convicted on evidence which established his guilt beyond all reasonable doubt. In seeking a new trial he contends that he was cross-examined over objection in violation of the immunity vouchsafed him by the Act of March 15, 1911, P. L. 20, 19 PS §711.

When called as a witness in his own behalf, in response to a question put to him *by his counsel* the defendant testified "that he was 40 years old and that he had never been convicted of a crime in this court" i.e., in the Court of Quarter Sessions of Allegheny County. The language quoted is that of the trial judge in reporting what the defendant said, and there is no dispute as to that. On cross examination the district attorney was permitted over objection of counsel to ask the defendant if he had not been convicted or entered pleas of guilt to the charges of operating a lottery, and had paid fines in the City of McKeesport on

nine different occasions in 1947. An ordinance entitled "An Ordinance to preserve the good order of the City of McKeesport and to restrain and suppress disorderly houses, gambling houses . . ." etc., declared gamblers to be subject to arrest and on conviction, to the penalties imposed by the ordinance. It is contended that the ordinance was invalid and of no effect and the ruling of the court allowing this line of cross-examination over objection under the Act of 1911, supra, is advanced as the sole ground for a new trial.

When defendant testified that he had never been convicted of a crime *"in this court"*, by the form of negative expression he intended to mislead the jury into believing that he had never been convicted of a crime there or elsewhere. Since defendant's answer on direct examination put his character in evidence we are not impressed by the argument that defendant's conviction of a gambling offense—a violation of a municipal ordinance—is not within the purview of the 1911 Act. In the oblique question put to defendant by his counsel he gave "evidence *tending* to prove his own good character or reputation." The conditional provision of the 1911 Act in the above language removed the prohibition against cross-examination of the defendant by "any question tending to show that he has *committed, or been charged with, or been convicted of any offense* other than the one wherewith he shall then be charged . . ." (All emphasis ours.) The cross-examination questioned defendant as to prior convictions in a magistrate's court and the validity of the ordinance under which the prosecutions were brought is not in issue here, as it might have been e.g., in an appeal from a conviction before the magistrate. The present case is much stronger in favor of the Commonwealth than *Commonwealth v. Comer*, 167 Pa. Superior

Ct. 537, 76 A. 2d 233. There Judge ARNOLD said: "Appellant contends that the assistant district attorney had no right to cross-examine the defendant as to crimes for which he was only arrested and not convicted. Ordinarily that would be true, but in this case the defendant himself opened the door by testifying that he had never been in trouble during the past twelve years. He subjected himself to such cross-examination and it was proper, not for the purpose of showing his criminal conduct or reputation or prior arrests, but of determining the truth or falsity of his testimony on direct examination. The district attorney had a right to show that his statements were untrue." Cf. also, *Commonwealth v. Farley,* 168 Pa. Superior Ct. 204, 212, 213, 77 A. 2d 881.

Here, as in all cases where a defendant has let down the bars by giving evidence of his good character or reputation, or by testimony impliedly intended to accomplish that result, the present defendant laid himself open to attack as to other convictions by cross-examination.

Judgment of sentence affirmed and it is ordered that the defendant appear before the court below at such time as he may be there called, and that he be by that court committed to serve the sentence or any part thereof that had not been served at the time the appeal in this case became a supersedeas.