## Commonwealth v. Conard, Appellant.

34

Argued March 19, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Raymond C. Schlegel,* for appellant.

*Ralph J. Althouse*, Assistant District Attorney, with him *W. Richard Eshelman*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 17, 1965:

Appellant was indicted on November 25, 1958, on charges of armed robbery and conspiracy to commit robbery. His first trial in June, 1960, ended in a mistrial because of the sudden illness of the trial judge. He was tried again in September, 1960, and that trial ended in a mistrial because of the illness of one of the alleged victims. He was again tried in March, 1963, and on March 14, 1963, a jury found him guilty on both counts. Motions in arrest of judgment and for a new trial were refused by the court below and sentence was imposed. Appellant appeals from the judgment of sentence.

Appellant claims that his constitutional rights were violated by his arrest without a warrant and the failure to immediately have a preliminary hearing. Appellant was arrested on the evening of September 25, 1958. A warrant was issued the next day and appellant was committed to the Berks County Prison in default of bail. A preliminary hearing was set for October 7, 1958, and was postponed until October 14, 1958, at the appellant's request.

A police officer may arrest without a warrant where he has knowledge of facts and circumstances which are sufficient to warrant a man of reasonable caution to believe that a certain individual has committed a felony. *Commonwealth ex rel. Whiting v. Rundle*, 414 Pa. 17. It is not necessary that the one arrested be accorded an immediate hearing before a magistrate. *Commonwealth v. Thomas*, 189 Pa. Superior Ct. 25 at 31. Nor is a mere delay in granting a defendant a preliminary hearing necessarily a denial of his constitutional rights. *Commonwealth v. Graham*,

408 Pa. 155. Appellant has not shown that he was prejudiced in any way by the failure to secure a warrant until the day after he was arrested or the failure to set a hearing before October 7, 1958. He does not claim that the officer lacked reasonable grounds for suspecting him, nor did he make a confession. We are satisfied that his constitutional rights were not violated and that a hearing was fixed within a reasonable time.

In this case the Commonwealth cross-examined the appellant as to a prior conviction for prison breach and a prior conviction of burglary, larceny and receiving stolen goods. The appellant admitted the prior convictions and the Commonwealth did not offer the records of said convictions. Such cross-examination was permitted for the purpose of impeaching appellant's credibility and for no other purpose and so the trial judge clearly told the jury.

Unless a defendant attempts to establish his own good reputation at the trial he may not be asked about convictions of other offenses. Act of March 15, 1911, P. L. 20, 19 P.S. 711. *Commonwealth v. Wiswesser*, 124 Pa. Superior Ct. 251. The Act of 1911 was passed to prevent fishing expeditions by way of cross-examination which might prove very prejudicial to the defendant. *Commonwealth v. Williams*, 307 Pa. 134. No attempt was made by the defendant to establish his own good reputation and his credibility should have been impeached simply by producing and offering the record of his conviction of the felonies. However, defendant made no motion to withdraw a juror and does not now object to the manner of introducing his prior convictions and we will treat the same as if properly introduced. The appellant's sole objection to the admission into evidence of these two prior convictions is that they were convictions which occurred after the offense for which he was being tried. The prison breach conviction arose from an escape made by appellant while

he was in prison awaiting trial on the instant charges. The burglary conviction was in York County in 1959.

After this case was argued the Supreme Court of Pennsylvania handed down *Commonwealth v. McIntyre*, 417 Pa. 415. In that case McIntyre was being tried for a murder committed on March 14, 1960. At the time he gave a statement in regard to the murder he also admitted committing four burglaries after the date of the murder. He was sentenced on the burglary convictions and after completing his sentence thereon was returned for trial on the murder charge. All of the proceedings were handled in the same county. In the murder trial, after the defendant had testified, the Commonwealth introduced the record of the defendant's four guilty pleas to the burglaries which were committed subsequent to the date of the murder for the specific purpose of impeaching the defendant's credibility as a witness. The Supreme Court decided that McIntyre was entitled to a new trial. McIntyre argued that the Commonwealth should have tried him first on the murder offense and that by trying him first on the subsequent and unrelated burglary charges the Commonwealth created a criminal record which was unfairly utilized to impeach his credibility. The Supreme Court in its opinion appears to limit the decision to the particular circumstances of that case and states that it is not necessary to abandon the existing general rule in regard to the admission of prior convictions of felonies or misdemeanors in the nature of crimen falsi for the purpose of impeaching defendant's credibility. The Supreme Court laid particular emphasis on the fact that the scheduling of criminal trials is a matter within the discretion of the Commonwealth and stated as follows: "We are unwilling to allow opportunity for arranging the trial of cases so that a criminal record might be created where that record would not otherwise exist were the earlier offenses tried promptly."

The case before this court may be distinguished factually from the *McIntyre* case. This is not a capital case and there is no indication of court calendar manipulation. The conviction in 1959, in York County, was beyond the control of the Berks County Courts. The prison breach conviction in Berks County was directly related to the robbery charge on which the appellant was tried and was also admissible on the ground that it was evidence of an escape tending to show guilt on the part of the appellant. There is no evidence as to exactly when the York burglary offenses occurred and it is entirely possible that they occurred prior to September 10, 1958. Inasmuch as the Supreme Court, in *McIntyre*, did not abrogate the general rule in Pennsylvania permitting defendant's credibility to be impeached by showing prior convictions of felonies, we are of the opinion that the prior convictions admitted into evidence in this case fall under the general rule rather than the exception enunciated in the *McIntyre* case. The credibility of the witness is being attacked as of the time of the trial not as of the time of the commission of the offense for which he is being tried.

Appellant complains that his application for a continuance made at the close of the Commonwealth's case in order to enable him to secure and present alibi testimony was refused. An application for a continuance is addressed to the sound discretion of the trial court, whose action will not be disturbed in the absence of a manifest abuse of discretion. *Commonwealth v. Morrison,* 180 Pa. Superior Ct. 121; *Commonwealth v. Niemi,* 365 Pa. 105. Here, appellant had been under indictment for over four years, since December, 1958, and two trials had already been continued due to the illness of the judge and a witness and there was no indication that the existence of the two alleged alibi witnesses was mentioned in that four year period. Appellant had indicated to his counsel that the proposed

witnesses "either would not testify as he had stated or would not be available to testify", and they were not subpoenaed. Under such circumstances the refusal of a continuance was not an abuse of discretion.

The trial court refused appellant's motion to permit the jury to view the robbery scene. This request was not made until after the charge of the court to the jury and it was not timely. Whether or not to grant such a request for a view is entirely a matter of discretion for the trial judge even when the request is timely made. *Commonwealth v. Sallade*, 374 Pa. 429.

Appellant alleges that it was error for the trial court to refuse his second point for charge which read as follows: "Where a witness is not in a position to clearly observe an assailant or he is not positive as to identity or his positive statements as to identity are weakened by qualification or by failure to identify the defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the testimony as to identity must be received with caution. Commonwealth v. Kloiber, 378 Pa. 412, 424 (1954); Laub Pennsylvania Trial Guide, Section 188."

It was not error to refuse this requested point because the facts requiring such a charge were not present. Both witnesses on identification had an opportunity to observe the appellant clearly. The appellant was only one foot to eighteen inches away from Mr. Harbach and about ten feet away from Mrs. Harbach. Both witnesses were positive in their identification and were not shaken on cross-examination. Neither witness ever failed to identify the appellant. It is true that Mrs. Harbach was uncertain as to some of the testimony at the prior trials but she never at any time in any way weakened or qualified her testimony identifying the appellant. Under the circumstances testimony as to identification need not be received by the jury with caution. *Commonwealth v. Kloiber*, 378 Pa. 412.

Appellant's next objection is to the action of the trial court in permitting the Commonwealth to cross-examine its own witness, George Mower. George Mower had been convicted of participation in the same robbery for which the appellant was being tried. He had been sentenced and was brought back from the penitentiary to testify on behalf of the Commonwealth in the trial of the appellant. On September 27, 1958, Mower signed and swore to a statement implicating the appellant in the burglary. On the basis of that statement he was, therefore, a co-conspirator. When Mower was called to the stand by the Commonwealth he admitted that he was in Reading on September 10, 1958. When he was asked if he was with the appellant at the time of the robbery he answered "No". The District Attorney then showed the witness the statement purported to be signed by him and the witness denied that he had signed it. The Commonwealth then called the police officers and the notary public who were present when the statement was signed. They all stated unequivocally that Mower signed the statement and swore to it in their presence. Both police officers testified that either prior to the signing of the statement or immediately thereafter the appellant was present and Mower stated in appellant's presence that he, the appellant, was with Mower and a man by the name of Brodman at the time of the robbery. The appellant denied his participation at that time and on the trial of the case continued to deny his participation. The court then permitted the District Attorney to cross-examine Mower by asking him whether or not he made the statements contained in the affidavit.

Appellant complains that the Commonwealth by cross-examining used subterfuge to get into evidence a statement which was not admissible by one conspirator against another because the conspiracy had ended. *Commonwealth v. Ellsworth,* 409 Pa. 505. However,

the written statement was not admitted into evidence and when the Commonwealth moved for its admission the trial court very wisely refused to admit it. Furthermore, the compelling reason for permitting the Commonwealth to cross-examine Mower far outweighs any possible harm done to the appellant who was present either while the statement was being taken or immediately thereafter and who was at that time acquainted with the contents of the statement.

We are satisfied that the Commonwealth was surprised by Mower's testimony. His testimony on direct examination was very damaging to the Commonwealth's case when he denied the appellant's participation in the robbery. As was said in *Commonwealth v. Spardute,* 278 Pa. 37, at p. 44, concerning the right of the District Attorney to cross-examine his own witnesses: "This was a matter within the sound discretion of the trial judge. It appeared to his satisfaction, as it does to ours, that the witnesses called by the Commonwealth had made statements which were a surprise to it and which, if accepted unchallenged, aided the cause of the defendant. Under these circumstances, it was not error for the court to permit the district attorney to cross-examine the witnesses and to ask them whether they had not made previous declarations to him, reciting the declarations, which were in contrast with their testimony on the trial."

It is within the sound discretion of the trial court to decide whether or not counsel may exercise the right of cross-examining his own witnesses and its action will not be reviewed by the appellate courts unless there is an abuse of discretion. *Commonwealth v. Bowers,* 182 Pa. Superior Ct. 628. Here, the trial court was faced with the decision of allowing the harmful evidence against the Commonwealth to stand or permitting cross-examination by the Commonwealth. We find no abuse of discretion on the part of the trial court in permitting the cross-examination.

It was not error for the trial court to charge in connection with the escape of the appellant from prison while he was awaiting trial on these charges that it was evidence of a consciousness of guilt. In *Commonwealth v. Wyoda,* 44 Pa. Superior Ct. 552, it was held that when one charged with crime uses violence to escape it is proper for a jury to consider such fact in passing upon the question of the guilt or innocence of that person.

Appellant's final argument that the evidence would not support the verdict or that the verdict was contrary to the weight of the evidence is without merit. The positive identification of the defendant given by both victims and unshaken in any manner was sufficient not only to sustain the verdict of guilty beyond a reasonable doubt but outweighed any testimony offered on behalf of the defendant.

Judgment of sentence affirmed.