Commonwealth *v.* Medina, Appellant.

Argued November 15, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jerome E. Furman,* with him *Charles Lowenthal,* for appellant.

*John A. McMenamin,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 21, 1967:

The appellant, Anthony Medina, appeals from the judgment of sentence imposed following his conviction

by a jury of murder in the second degree. A new trial will be ordered.

At trial, testimony of statements made by Medina to the police, in the absence of counsel following his arrest, was admitted in evidence over objection. The trial occurred in January 1965, or subsequent to the date of the announcement of the decision of the United States Supreme Court in *Escobedo v. Illinois,* 378 U.S. 478 (1964). Hence evidentiary use of the statements involved was not permissible unless the Commonwealth established that before they were obtained Medina was effectively warned of his right to remain silent. See, *Commonwealth v. Jefferson,* 423 Pa. 541, 226 A. 2d 765 (1967).

While the record in the instant case discloses un-contradicted testimony that on two occasions during the police questioning in which the statements were obtained, Medina was warned that he did not have to say anything unless he wanted to, this, in itself, was insufficient to constitute an effective warning of his right not to convict himself. It was also mandatory that he be advised that anything he said could and would be used against him in court, and admittedly no such explanation was given. As stated in *Johnson v. New Jersey,* 384 U.S. 719, 729-30, 86 S. Ct. 1772, 1779 (1966), the ruling in *Escobedo* was "designed in part to assure that the person who responds to interrogation while in custody does so with intelligent understanding of his right to remain silent *and of the consequences which may flow from relinquishing it.*" (Emphasis supplied.) Additionally, in *Miranda v. Arizona,* 384 U.S. 436, 468-69, 86 S. Ct. 1602, 1625 (1966), in which the Court explicated the full meaning of the ruling in *Escobedo* and the rights of one questioned by the police against self-incrimination under the Fifth Amendment, the Court aptly said:

"The Fifth Amendment privilege is so fundamental to our system of constitutional rule and the expedient of giving an adequate warning as to the availability of the privilege so simple, we will not pause to inquire in individual cases whether the defendant was aware of his rights without a warning being given. Assessments of the knowledge the defendant possessed, based on information as to his age, education, intelligence, or prior contact with authorities, can never be more than speculation; a warning is a clearcut fact. More important, whatever the background of the person interrogated, a warning at the time of the interrogation is indispensable to overcome its pressures and to insure that the individual knows he is free to exercise the privilege at that point in time.

"The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual in court. This warning is needed in order to make him aware not only of the privilege, but also of the consequences of forgoing it. It is only through an awareness of these consequences that there can be any assurance of real understanding and intelligent exercise of the privilege. Moreover, this warning may serve to make the individual more acutely aware that he is faced with a phase of the adversary system—that he is not in the presence of persons acting solely in his interest." (footnote omitted.)

It is, therefore, our conclusion that the warning given in the instant case was insufficient to warrant the conclusion that Medina intelligently relinquished his right against self-incrimination when the evidence involved was obtained.

Judgment reversed and new trial ordered.