## Commonwealth *v.* Bonaparte, Appellant.

Submitted March 13, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

94

*John T. Bonaparte, II,* appellant, in propria persona.

*John T. Miller,* First Assistant District Attorney, and *John F. Rauhauser, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 16, 1967:

This is an appeal from an order of the Court of Quarter Sessions of York County dismissing, without hearing, appellant's petition for post-conviction relief.

On May 11, 1965 appellant was tried and convicted of burglary, larceny, and receiving stolen goods. These charges arose out of the theft of certain wigs from a shop in York County. At trial, the Commonwealth, over objection, introduced into evidence a statement made by appellant when first taken into police custody. In this statement, appellant purportedly denied any knowledge of the burglary, and declared that he had received the stolen wigs from a boy in Harrisburg. Although exculpatory in form, this statement was concededly a damaging admission. Cf. *Miranda v. Arizona,* 384 U.S. 436, 477 (1966). As such, it constituted an essential element of the Commonwealth's case.

In his petition for post-conviction relief, appellant alleges that the above statement was elicited from him without any effective warning of his right to remain silent, as required by *Escobedo v. Illinois,* 378 U.S. 478 (1964). Appellant advanced this same contention when he was before us on direct appeal. In an opinion

filed on September 15, 1966, we affirmed his conviction. *Commonwealth v. Bonaparte,* 208 Pa. Superior Ct. 397, 222 A. 2d 470 (1966).[1]

Since that time, our Supreme Court in two separate decisions, has held that ". . . Escobedo requires that an individual, subject to police questioning, be forewarned of the right to remain silent once 'the adversary system' begins to operate." *Commonwealth v. Jefferson,* 423 Pa. 541, 545, 226 A. 2d 765, 768 (1967); cf. *Commonwealth v. Medina,* 424 Pa. 632, 227 A. 2d 842 (1967).

In *Medina,* the Court stated emphatically " 'The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual in court. This warning is needed in order to make him aware not only of the privilege, but also of the consequences of foregoing it. It is only through an awareness of these consequences that there can be any assurance of real understanding and intelligent exercise of the privilege.' " Id. at 634.

We conclude, therefore, that the appellant's allegations, if true, would entitle him to the relief prayed for.

The order of the court below is reversed and the record is remanded for a hearing consistent with this opinion.

---

[1] The matter has not been "finally litigated," however, within the meaning of the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-4, because of the extraordinary circumstance of a change in the law after our affirmance on direct appeal. The Act recognizes this exception to its "finality" rules, by providing for relief on a showing of "The abridgement . . . of any right guaranteed by . . . the constitution or laws of the United States, *including a right that was not recognized as existing at the time of the trial if the constitution requires retrospective application of that right.*" (Emphasis supplied) 19 P.S. §1180-3(12).

**96**

DISSENTING OPINION BY WRIGHT, J.:

This appellant was convicted on May 11, 1965, after a jury trial at which he did not take the stand. His motions for new trial and in arrest of judgment were denied and sentence was imposed. He filed a direct appeal with this court and we affirmed the judgment of sentence. See *Commonwealth v. Bonaparte*, 208 Pa. Superior Ct. 397, 222 A. 2d 470. As clearly appears from the dissenting opinion of Judge HOFFMAN in that case, the admissibility of appellant's statement was expressly presented and decided adversely to his contention. On December 20, 1966, our Supreme Court refused to allow an allocatur. The matter is therefore res judicata. In the language of Section 4 of the Post Conviction Hearing Act, the issue has been "finally litigated". Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. 1180-4. I would affirm the order of Judge BUCKINGHAM for the court below.

ERVIN, P. J., and WATKINS, J., join in this opinion.