Commonwealth *v.* Bastone, Appellant.

510

Submitted December 14, 1967.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Thomas R. Kellogg* and *Melvin Dildine,* Assistant Defenders, and *Herman I. Pollock,* Defender, for appellant.

*Burton D. Fretz* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, P. J., March 20, 1968:

Roberto Bastone was indicted in the Court of Quarter Sessions of Philadelphia County at February Sessions 1965 in Bill No. 665 charging aggravated robbery, in Bill No. 668 charging carrying a concealed deadly weapon, and in Bill No. 669 charging resisting arrest. Pleas of not guilty were entered, and Bastone was tried before Honorable WILLIAM I. TROUTMAN, specially presiding, and a jury. A verdict of not guilty was directed on Bill No. 669. The jury returned verdicts of guilty on Bills Nos. 665 and 668. Motions for a new trial and in arrest of judgment were refused, and sentence of not less than five nor more than fifteen years was imposed on Bill No. 665. Bastone has appealed. The factual situation appears in the following excerpt from the opinion below:

"The only question raised by the defendant was as to identity. The incident occurred in a barroom known as the Chateau Bar in the City of Philadelphia. The testimony of the Commonwealth was to the effect that the defendant entered the bar and asked for a drink. The owner of the bar gave it to him and they engaged in general conversation. Reiver, the owner, said he was busy and said that the bartender, James Logue, would serve him. Reiver went into the basement through a trap door behind the bar. James Logue, the bartender, testified that the defendant pulled a gun from his coat and demanded the money in the cash drawer and in a paper bag. The defendant then left the bar and was later apprehended. The bartender's testimony was corroborated by the testimony of William Logue who was a patron in the bar at the time. He definitely identified the defendant as the man who had the gun and took the money. While the defendant offered evidence of an alibi and denied his participation in the act, the jury decided against him. The issue as to identity was placed before the jury, it being purely a jury question,

and there was ample evidence upon which the jury could sustain its verdict".

The sole contention advanced on this appeal is that the trial judge erred in permitting cross-examination of the appellant as to his prior criminal record. The notes of testimony disclose the following question and answer on appellant's direct examination: "Q. Did you rob the Chateau Bar? A. I never robbed anyone in my life". The assistant district attorney then cross-examined appellant regarding four prior convictions, which appellant readily admitted. There was no objection, and no exception was taken to the charge of the trial judge, who emphasized therein that "this is only admitted to be used in testing the credibility of the defendant and for that purpose only".

Appellant's contention is based on Section 1 of the Act of March 15, 1911, P. L. 20, 19 P.S. 711, set forth in the footnote.[1] That statute "was intended merely to prevent blackening a defendant's reputation or attempting to prove a disposition to commit crime". If there is another legitimate purpose, the Act does not prohibit pertinent cross-examination by the Commonwealth: *Commonwealth v. Heller,* 369 Pa. 457, 87 A. 2d 287. See also *Commonwealth v. Albert,* 198 Pa. Superior Ct. 489, 182 A. 2d 77. Where a defendant gives testimony impliedly intended to establish his good character or

---

[1] "Hereafter any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation; unless,—One. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or, Two. He shall have testified at such trial against a codefendant, charged with the same offense".

reputation, as in the case at bar, he subjects himself to attack on cross-examination as to other convictions: *Commonwealth v. Petrulli,* 182 Pa. Superior Ct. 625, 128 A. 2d 108; *Commonwealth v. Farley,* 168 Pa. Superior Ct. 204, 77 A. 2d 881.

We have made a careful review of the original record in the instant case. It discloses that appellant was fairly tried and properly convicted. We perceive no violation of the Act of 1911, or other trial error. Cf. *Commonwealth v. Conard,* 206 Pa. Superior Ct. 33, 211 A. 2d 14.

Judgment affirmed.