## Commonwealth *v.* Mumford, Appellant.

Submitted April 15, 1968. Before Bell, C. J., Musmanno, Jones, Eagen, O'Brien and Roberts, JJ.

*Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Roger F. Cox* and *Michael J. Rotko,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1968:

Appellant was found guilty, in 1945, of murder in the first degree and sentenced to life imprisonment. This verdict and sentence were imposed after Mumford had changed his plea from not guilty to guilty at the conclusion of the Commonwealth's case. Although no direct appeal was taken, the present petition represents appellant's third attempt at collateral relief. In 1965 he commenced a state action in habeas corpus, without the assistance of counsel, in which he alleged only that a coerced confession had been used by the Commonwealth. Having lost below, Mumford appealed to this Court which held his confession voluntary, *Commonwealth ex rel. Mumford v. Cavell,* 423 Pa. 280, 223 A. 2d 852 (1966). Appellant next brought another hand-drawn habeas action in the federal courts, again alleging the Commonwealth's use of an involuntary confession. He lost there too, but decided to take no appeal to the Third Circuit Court of Appeals. Now, in his present Post Conviction Hearing Act petition, appellant alleges that he was never told of his right to direct appeal or to have appellate counsel as required by *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963). Accordingly, he seeks the right to appeal nunc pro tunc.[1]

---

[1] Appellant's Post Conviction Hearing Act application indicates that he would argue, on direct appeal, that his guilty plea was

Although Mumford was given counsel for this petition, as well as an evidentiary hearing, he was not given relief. It was the position of the court below that appellant "knowingly and intelligently waived his right of appeal." However, on the record before this Court, we cannot agree that such a waiver has been shown. In *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968), we recently held that where, as here, the trial record is silent on this issue, the Commonwealth has the burden to show not only that a defendant was told, or knew, of his absolute right to appeal, but also that he knew he could have counsel for this appeal, and if indigent, that he could have free counsel. The short, eight page, post-conviction hearing record in the present case, if nothing else, demonstrates that the Commonwealth has not met its burden.

The only testimony was that of Mumford himself. Although he admitted learning of the right to appeal from a fellow inmate, it was never shown that appellant possessed such knowledge immediately after trial when he could have filed new trial motions and/or taken his direct appeal. The only evidence produced by the Commonwealth (and even this comes to our attention not through the hearing below, but only through citation in the Commonwealth's appellate brief) is a statement lifted from Mumford's self-drawn federal habeas corpus petition wherein he recited as a reason for not taking a direct appeal that "counsel dropped petitioner's case, saying if petitioner appealed he might get the electric chair." This language, the

unlawfully induced by his own lawyers' constant entreaties. Of course, since Mumford's degree of guilt hearing resulted in a conviction of murder in the *first* degree, his direct appeal would not be *limited* only to an attack on the plea or sentence, but could include attacks on any alleged errors at the degree of guilt hearing, except of course, the voluntariness of appellant's confession. We have already passed on that issue. See *Commonwealth ex rel. Mumford v. Cavell*, 423 Pa. 280, 223 A. 2d 852 (1966).

Commonwealth argues, is proof that appellant did, in fact, know of and waive his right to appeal.

For two reasons, however, we do not agree that this statement carries the day. First, even if appellant knew about appeals, the words quoted above do not convince me that Mumford *waived* his *Douglas* rights. He merely claims that counsel abandoned him. But this is far from saying that appellant himself, with full knowledge of his right to appeal, knowingly and intelligently chose to forego that right. Moreover, the statement in no way indicates that Mumford was aware of his right to counsel on appeal, or of his right to a free attorney if indigent. Thus, under *Wilson,* it must be said as a matter of law that the Commonwealth has not as yet shown a valid waiver.

Alternatively, it is argued by the Commonwealth that, even if appellant did not waive his *Douglas* rights at the time of trial, nevertheless by failing to make the *Douglas* claim in either of his two prior collateral attacks, he has waived the right to make such claim now under §4 of the Post Conviction Hearing Act. Recently, in *Commonwealth v. Satchell,* 430 Pa. 443, 243 A. 2d 381 (1968), we had occasion to examine that part of §4 which establishes a presumption that the failure to raise an issue at some prior available time is a knowing and understanding failure sufficient to constitute a waiver. In *Satchell,* although we upheld the constitutionality of this presumption, we made it quite clear that waiver may be *presumed* only where the petitioner had counsel at the time the waiver allegedly occurred. Cf. *Norvell v. Illinois,* 373 U.S. 420, 83 S. Ct. 1366 (1963). However, appellant in the present case prosecuted both of his prior collateral attacks pro se. We therefore cannot constitutionally presume that the mere existence of prior opportunities to litigate the *Douglas* claim demonstrates a §4 waiver. Accordingly the burden is placed on the Commonwealth

to show affirmatively that appellant knowingly and intelligently waived the right to raise this claim now by his failure to do so previously. See *Commonwealth v. Kizer,* 428 Pa. 99, 236 A. 2d 515 (1967).

With the burden so placed, we again cannot say on this record that it has been met. Although the Commonwealth succeeded in getting appellant to admit that he learned of the right to appeal in 1963, in time to include a *Douglas* claim in either of his two prior habeas petitions, we are not satisfied that this knowledge included the realization on Mumford's part that such a claim could be raised collaterally. Echoing our language in *Kizer,* supra, "we should be loath to impose §4's waiver provisions against a prisoner who lacked counsel's advice as to the possible appellate procedures available." 428 Pa. at 102, 236 A. 2d at 516.

There remains now the question of appropriate relief. Recognizing, as we did in *Wilson* that "it is at least arguable that our prior cases considering *Douglas* have not made it sufficiently clear that the Commonwealth must demonstrate, where the record is silent, that the post-conviction applicant was aware of *both* his right to appeal and his right to court appointed appellate counsel." (430 Pa. at 5, 241 A. 2d at 763) (emphasis in original), and further recognizing that until today the Commonwealth may not have been aware of the nonapplicability of §4's presumption to prior collateral attacks without counsel, we shall remand this matter for additional proceedings under the Post Conviction Hearing Act, rather than declare, at this moment, that Mumford may appeal directly.[2]

---

[2] Even were we to decide today that Mumford was entitled to a direct appeal we could not treat the present appeal as though *it* was the direct appeal, a procedure recently followed in *Commonwealth v. Hall,* 430 Pa. 163, 242 A. 2d 241 (1968), for the reason that Mumford's post-conviction hearing record is not nearly complete enough for us to evaluate all his possible claims.

On this remand, the Commonwealth must be given the opportunity to show that, at the conclusion of appellant's trial, Mumford knew of all his *Douglas* rights, as set forth in *Wilson*. Failing in this, the Commonwealth may then show, if it can, that prior to filing either of his previous collateral attacks, Mumford learned of his *Douglas* rights, including the right to test their denial collaterally, yet knowingly and intelligently failed to include the *Douglas* claim in either his state or federal habeas corpus petitions. Unless one of these burdens be met, appellant must be given the right to a direct appeal.

Order vacated and record remanded with instructions.

Mr. Chief Justice BELL dissents.

Mr. Justice COHEN took no part in the consideration or decision of this case.