## Commonwealth *v.* Richardson, Appellant.

196

Submitted April 18, 1968. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Jerold Richardson,* appellant, in propria persona.

*Ralph B. D'Iorio, Vram S. Nedurian* and *J. Harold Hughes,* Assistant District Attorneys, *William R. Toal, Jr.,* First Assistant District Attorney, and *Stephen J. McEwen,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, January 15, 1969:

This is an appeal from an order of the criminal courts of Delaware County denying Jerold Richardson's (appellant) Post Conviction Hearing petition.[1]

---

[1] Appellant was tried nine years before the United States Supreme Court's decision in *Jackson v. Denno,* 378 U.S. 368 (1964),

Appellant was originally indicted and convicted of the murder of Roy Wunder committed on September 20, 1954. The jury found him guilty of first degree murder and imposed a sentence of life imprisonment. Appellant appealed his conviction to this Court and we affirmed. *Commonwealth v. Richardson*, 392 Pa. 528, 140 A. 2d 828 (1958). Appellant then filed a petition for habeas corpus relief. This petition was denied by the court below (*Commonwealth ex rel. Richardson v. Banmiller*, 47 Del. 26 (1959)) and affirmed per curiam by this Court (398 Pa. 427, 158 A. 2d 550 (1960)).

On October 26, 1966, appellant filed a petition under the Post Conviction Hearing Act.[2] In his petition, appellant alleged he was entitled to relief on four grounds: (1) that the Commonwealth had been permitted to introduce the records of his convictions for felonies committed after the murder for the purpose of impeaching his testimony in violation of our holding in *Commonwealth v. McIntyre*, 417 Pa. 415, 208 A. 2d 257 (1965); (2) that a written confession given while in police custody was coerced; (3) that oral statements given during a re-enactment of the crime should not have been admitted because they were coerced and because appellant was not represented by counsel at the re-enactment; and (4) that the Commonwealth's major witness committed perjury in testifying against the ap-

which holds that in all cases in which a defendant's confession is introduced at his trial, a hearing must be held before the trial to determine the voluntariness of the confession. If the defendant was tried and convicted without receiving such a hearing, the trial judge must hold a hearing to determine whether the confession introduced at the defendant's trial was voluntary. See: *Commonwealth ex rel. Gaito v. Maroney*, 416 Pa. 199, 204 A. 2d 758 (1964). The court below, in considering appellant's PCHA petition, found that he had never received a "Jackson" hearing and, therefore, held a combination PCHA and "Jackson" hearing.

[2] Act of January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq.

pellant. The court below, finding that the confessions were voluntary and that the remainder of the appellant's contentions were without merit, dismissed the petition. Appellant has appealed from this order.

The facts surrounding the murder and conviction are set out in Chief Justice BELL'S exhaustive opinion reported in 392 Pa. 528, supra; therefore, we will recite only those facts necessary for the resolution of appellant's four contentions.

As to the first contention, the court below held that the issue of the introduction of appellant's previous criminal record had been raised and decided against the appellant in the habeas corpus proceedings and that, therefore, appellant could not raise the issue again in a post-conviction hearing under the provisions of sections three and four of the Post Conviction Hearing Act.[3] We are forced to disagree with this conclusion. It is true that appellant raised this issue in his habeas corpus petition. Nevertheless, in denying appellant's habeas corpus petition, the court below did not rule on the merits. The court held, "None of the above reasons are the subject of examination by habeas corpus since they deal with alleged trial errors." 47 Del., at 26. In effect, the court dismissed appellant's petition on jurisdictional grounds without ever reaching the merits.

The Commonwealth next claims that appellant has waived any error because he did not raise this contention on his direct appeal to this Court. While as a

---

[3] "To be eligible for relief under this act, a person . . . must prove the following: . . . (d) That the error resulting in his conviction and sentence has not been finally litigated or waived." Post Conviction Hearing Act, supra, note 2, section 3. "(a) For the purpose of this act, an issue is finally litigated if: . . . (3) The Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue." Post Conviction Hearing Act, supra, note 2, section 4(a).

general principle of law this may be accurate, we are reluctant to hold that in this situation appellant has waived this defect since the decision upon which he relies[4] was decided after he had taken his direct appeal. In dealing with a similar problem we had occasion to say, "It would be manifestly unfair to hold appellant to a waiver when this waiver is alleged to have occurred at a time when neither the defendant nor his attorney had any way of knowing that there existed a right to be waived." *Commonwealth v. Cheeks*, 429 Pa. 89, 95, 239 A. 2d 793 (1968). Cf. *Commonwealth v. Jefferson*, 423 Pa. 541, 546, 547, 226 A. 2d 765 (1967).

Since we have determined that this question was neither adjudicated nor waived, we turn then to the merits. Appellant was indicted in March, 1955, in Delaware County for the murder of Wunder. In the same month he was indicted in Philadelphia for a series of unrelated felonies, some of which were committed after the murder. He was tried and convicted in Philadelphia on the felony charges first. Subsequently, at his murder trial in Delaware County, the Commonwealth introduced *without objection* appellant's previous record consisting primarily of the convictions in Philadelphia for the purpose of fixing the penalty under Pennsylvania's so-called "split-verdict" procedure. There is no question that this procedure was proper. See: *Commonwealth v. Bell*, 417 Pa. 291, 296, 208 A. 2d 465 (1965), cert. den., 384 U.S. 966 (1966); *Commonwealth v. McIntyre*, 417 Pa. 415, 422, n. 12, 208 A. 2d 257 (1965); *Commonwealth ex rel. Norman v. Banmiller*, 395 Pa. 232, 238-40, 149 A. 2d 881 (1959). Subsequently, appellant testified in his own behalf. The Commonwealth offered the same rec-

---

[4] *Commonwealth v. McIntyre*, supra.

ord for impeachment purposes, and the offer was received over objection by defense counsel.

Appellant directs our attention to *McIntyre*, supra, in which we held that, under the circumstances of that case, the introduction of the defendant's conviction record of crimes committed after the murder for which he was now on trial for the purpose of impeaching his testimony was improper. In *McIntyre*, the record was introduced solely for the purpose of impeachment; since the defendant in *McIntyre* was convicted of second degree murder, the "split-verdict" procedure never came into play. Subsequently, the Superior Court in a unanimous opinion by Judge JACOBS held that our holding in *McIntyre* should be restricted to the particular circumstances of that case and that we had not abrogated the general rule that the Commonwealth is permitted to introduce the defendant's record of prior convictions for the purpose of impeachment. *Commonwealth v. Conrad*, 206 Pa. Superior Ct. 33, 38, 39, 211 A. 2d 14 (1965), cert. den., 384 U.S. 920 (1966).

In *McIntyre*, we were concerned about the possibility that the Commonwealth might arrange the order of the defendant's trials for the purpose of creating a record. In this case there is no evidence that the Commonwealth was attempting to create such a record. Appellant was indicted in Philadelphia for the felonies and in Delaware County for the murder in the same month. Trial was delayed in Delaware County because appellant moved for a change in venue. Therefore, there does not appear to be anything sinister in the fact that appellant was tried in Philadelphia on the felony charges and then tried for murder in Delaware County. We have studied the record and do not find that appellant was denied due process by the introduction of the record of his convictions in Philadelphia at his murder trial.

Furthermore, appellant's record of prior convictions was first introduced for an unquestionably legitimate purpose. Therefore, unlike in *McIntyre*, the evidence which is being attacked had already been properly admitted before the alleged error occurred. Any possible error in reintroducing the evidence was minimal since the evidence was already before the jury.

Appellant's second contention is that both the written confession and the oral statements made during the re-enactment of the crime were coerced. Appellant cannot now, for the first time, raise the question of the voluntariness of his confessions. At trial appellant's counsel did not object to the voluntariness of the confessions when they were introduced.[5] Appellant took a direct appeal to our Court in which he was represented by able counsel and again failed to raise this issue. In considering an almost identical case, Justice ROBERTS stated, "Having made a choice not to attack the voluntariness of the confession at trial, the defendant may not now, long after the final stage of the direct litigation has passed, claim and exercise the option of having all that followed that decision set aside and ignored. This the defendant seeks to do so that he may now have the second privilege of interposing a delayed and untimely objection in the hope of achieving a more favorable result. To permit a litigant to knowingly disregard the procedural requirement of timely objection would indeed disrupt the orderly and expeditious adjudication of penal accusations and would defeat the legitimate state interest." *Commonwealth ex rel. Fox v. Maroney*, 417 Pa. 308, 313, 207 A. 2d 810 (1965); *Commonwealth v. Snyder*, 427 Pa. 83, 88, 233 A. 2d 530 (1967), cert. den., 390 U.S. 983 (1968);

---

[5] Appellant's counsel made objections to two items contained in the written confession, but at no time did he object to the voluntariness of the confession.

*Commonwealth ex rel. Mumford v. Cavell*, 423 Pa. 280, 283, 223 A. 2d 852 (1966) ; *Commonwealth ex rel. Harbold v. Myers*, 417 Pa. 358, 207 A. 2d 805 (1965).

Although we hold that appellant has waived any error concerning the voluntariness of these two statements, we have reviewed the record nonetheless and are convinced that appellant received a full and fair "Jackson" hearing. As is usually the case in hearings of this type, credibility was the paramount issue. An appellate court is not in a position to judge the credibility of witnesses since we have nothing to go on except the record in the case. There were no inconsistencies of significance in the testimony of the Commonwealth's witnesses, so that we cannot say that the hearing judge committed error in believing the Commonwealth's witnesses instead of appellant.

Appellant's third objection is that he should have been represented by counsel at the re-enactment of the crime. At the re-enactment staged the day after appellant signed his written confession, appellant made certain statements which were introduced at his trial. The Commonwealth first contends that this alleged error has also been waived. We disagree. Section three of the Post Conviction Hearing Act provides that a petitioner is entitled to relief if his conviction resulted from "The abridgement in any other way of . . . a right that was not recognized as existing at the time of the trial if the constitution requires retrospective application of that right; . . . ." (Post Conviction Hearing Act, supra, note 2, §3(c)(12)). See: *Commonwealth v. Bonaparte*, 210 Pa. Superior Ct. 93, 95, n. 1, 232 A. 2d 12 (1967). The case appellant is now relying on, which gives him the right to counsel at all critical stages in the criminal proceedings, *Gideon v. Wainwright*, 372 U.S. 335 (1963), was decided eight years after his trial. We have held that *Gideon* is to be applied retroactively. *Commonwealth ex rel. O'Lock*

*v. Rundle*, 415 Pa. 515, 520, 204 A. 2d 439 (1964). Therefore, *Gideon* applies to appellant's trial, and appellant has not waived any defect by not raising this issue earlier since the right did not exist until 1963.

What the appellant is asking us to hold is that this re-enactment of the crime was a critical stage in the criminal proceedings against him. We find, however, that the re-enactment was an extension of appellant's interrogation and that, therefore, the rules contained in *Escobedo v. Illinois*, 378 U.S. 478 (1964) and *Miranda v. Arizona*, 384 U.S. 436 (1966), are controlling. The Supreme Court of the United States has held that the right to counsel as enunciated in these cases is to be applied prospectively only. *Johnson v. New Jersey*, 384 U.S. 719 (1966). See: *Commonwealth ex rel. Mumford v. Cavell*, 423 Pa. 280, 282, 223 A. 2d 852 (1966). Therefore, we hold that appellant did not have a right to free counsel at the re-enactment of the crime.

Appellant's final contention is that the Commonwealth's major witness was guilty of perjury. We find this contention totally without merit. Moreover, appellant has waived this alleged defect by not raising it at an earlier time.

Order affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice MUSMANNO did not participate in the decision of this case.