Commonwealth *v.* Markowski, Appellant.

Submitted June 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Carmen J. Maffei,* Assistant Public Defender, and *Peter J. Webby,* Public Defender, for appellant.

*Blythe H. Evans, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 11, 1969:
Order affirmed.

_____

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

This is an appeal by George Markowski from the dismissal of a post-conviction petition. Appellant contends he was denied the right to direct appeals from convictions on 5 counts of burglary and larceny on November 10, 1964.

As the trial record fails to show that appellant was advised of his right to take direct appeals and to have the assistance of counsel for that purpose, the Commonwealth carries the burden of proving appellant waived the right to appeal. *Commonwealth v. Mumford*, 430 Pa. 451, 243 A. 2d 440 (1968); *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968). The court below dismissed the petition on the ground that this burden had been met. I disagree.

At the hearing below, appellant testified that he was not advised of his right to appeal or to have free counsel to assist on the appeal. His trial counsel testified he did not recall advising appellant of his appeal rights or the right to file post-trial motions. As it thus appears that appellant was not advised of these rights, a waiver may be established only if the Commonwealth demonstrates appellant had independent knowledge of his rights. This has not been done. Appellant testified that he learned of his right to appeal while in prison. However, he did not recall when he first learned of his appeal rights and suggested it may have been months or years after his commitment.

An appeal from judgment of sentence must be taken within 45 days of judgment. Act of May 11, 1927, P. L. 972, §1, 12 P.S. §1136. To establish a knowing and intelligent waiver of the right to appeal, the Com-

monwealth must prove that the appellant knew of the right within the time necessary to exercise it. *Commonwealth v. Mumford, supra.* Appellant's general testimony that he learned of the right to appeal while in prison does not suffice, as it does not show that he knew he could appeal within 45 days of judgment.

Appellant should be permitted to file post-trial motions nunc pro tunc and, if such motions are denied, to appeal from their dismissal to this court nunc pro tunc.

. I would reverse the order of the court below.

HOFFMAN, J., joins in this dissenting opinion.