UNITED STATES of America ex rel. Jerold RICHARDSON

v.

Alfred T. RUNDLE.

Misc. No. 69–409.

United States District Court, E. D. Pennsylvania.

Aug. 21, 1970.

---

Stephen J. McEwen, Jr., Dist. Atty., R. B. D'Iorio, Asst. Dist. Atty., Delaware County, for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Relator, a State prisoner, was convicted of first degree murder after a trial by jury in Delaware County, Pennsylvania, in March Term 1955 and is presently serving a life sentence in Graterford Correctional Institute. Relator directly appealed his conviction to the Pennsylvania Supreme Court where he argued that the trial judge erred in denying his motion for a change of venue and a continuance and in instructing the jury on his alibi defense. The Pennsylvania Supreme Court affirmed. Commonwealth v. Richardson, 392 Pa. 528, 140 A.2d 828 (1958). Subsequently, relator sought State habeas corpus relief claiming that he was prejudiced when the Commonwealth introduced evidence of prior convictions of felonies actually committed after the date of the offense for which relator was being tried. The Delaware County Court denied relator's petition, Commonwealth ex rel. Richardson v. Banmiller, 47 Del.Co.R. 26 (1959) and the Pennsylvania Supreme Court affirmed per curiam, 398 Pa. 427, 158 A.2d 550 (1960).

Relator thereafter filed a Pennsylvania Post Conviction Hearing Act petition on October 26, 1966, where he raised precisely the issues presented in his petition for habeas corpus before this Court, namely:

1. that he was prejudiced by the introduction of prior convictions evidence of felonies committed after the date of the murder charged in the indictment.

2. that his in-custody written confession was coerced.

3. that oral statements made during a re-enactment of the crime were coerced and were obtained while counsel was not present.

4. that the Commonwealth's major witnesses committed perjury in testifying against him.

Since relator was tried and convicted nine years prior to the Supreme Court's decision in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) no pre-trial hearing was held in 1955 to determine the voluntariness of his confession. Recognizing the retroactive effect of the *Jackson* decision, the Delaware County Court held a combined Post Conviction and *"Jackson"* hearing at which relator was afforded the opportunity to present evidence and cross-examine State witnesses concerning the voluntariness of his confession. After a full and exhaustive hearing, Judge Bloom held that relator's confession was voluntarily given in an opinion and order dated January 4, 1968. On appeal, the Pennsylvania Supreme Court again affirmed relator's conviction. Commonwealth v. Richardson, 433 Pa. 195, 249 A.2d 307 (1969).

▇ As to those issues previously raised, it seems clear that relator has sufficiently exhausted available State remedies to permit our consideration of the merits of this petition. We have carefully examined and studied 744 pages of trial transcript as well as the entire 179 pages of transcript from relator's combined Post Conviction Hearing Act and *"Jackson"* hearing. On the basis of this examination, it is our opinion that there has been a full and fair hearing in the State Courts relating to the factual

averments made in the instant petition. Consequently, we do not deem a further evidentiary hearing to be necessary or warranted. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Montanez v. Rundle, 226 F.Supp. 118 (E.D.Pa.1964).

■ We will treat the issues in the order presented. Relator first alleges a denial of due process asserting that he was prejudiced by the Commonwealth's introduction of his prior criminal record at trial. The records of conviction that relator complains of were obtained prior to his trial. However, the felonies were actually committed after the date of the murder charged in his 1955 murder indictment. The Pennsylvania Supreme Court, in deciding this issue first rejected the Commonwealth's argument that relator waived his right to challenge the alleged error by not previously raising it in his first appeal. Commonwealth v. Richardson, 433 Pa. at 200, 249 A.2d .307. In Commonwealth v. McIntyre, 417 Pa. 415, 208 A.2d 257 (1965) the Pennsylvania Supreme Court held under its supervisory powers over Pennsylvania's Courts and not on constitutional grounds that records of convictions for crimes committed subsequent to the date of the crime being tried, but disposed of prior to the trial, are inadmissible for the purposes of impeaching a defendant's credibility. The Court, in McIntyre, however, explicitly stated that the general evidentiary rule that records of prior criminal convictions are admissible to test credibility, remains as the law of Pennsylvania. 417 Pa. at 421,

208 A.2d 257. The expressed rationale of the McIntyre decision is that the Commonwealth should not be permitted to arrange the trial of cases so that a criminal record might be created where it otherwise would not have existed. 417 Pa. at 422, 208 A.2d 257. Furthermore, in McIntyre, it is of note that all of the proceedings were handled in the same county. Relator was indicted in Philadelphia for the felonies which comprised his prior record, whereas the murder indictment was obtained in the same month in Delaware County. On this record there is no evidence of calendar manipulation on the part of the Commonwealth to create a record.

The Delaware County trial was delayed because relator moved for a change of venue. As there is no evidence of manipulation here, McIntyre does not control our decision. Furthermore, we are unwilling to abrogate the Pennsylvania rule of evidence concerning the admissibility of prior criminal records on the issue of credibility.

In treating this same issue, the Pennsylvania Supreme Court, in relator's most recent appeal, observed that the prior convictions evidence here at issue was first admitted *without objection* under Pennsylvania's so-called "split verdict" procedure [1] and that since the evidence was already properly before the jury for the purpose of determining penalty, any possible error in re-introducing the evidence was minimal. 433 Pa. at 201–202, 249 A.2d 307. The so-called Split Verdict Act, however, was not in effect at the time of relator's trial.[2] Relator's record of prior convictions was first intro-

---

1. Act of December 1, 1959, P.L. 1621 § 1, 18 P.S. § 4701. The act provides a dual procedure for determining guilt and penalty in first-degree murder cases. After a jury verdict of guilt, the jury thereafter determines the penalty to be imposed, reviewing such additional evidence not previously received in the case-in-chief. The statute was enacted to change the prior single verdict procedure which required the jury to determine both guilt and penalty in one verdict. The new procedure precludes the use of evidence of other crimes for penalty purposes until

the defendant's guilt of murder in the first-degree has first been established. See Commonwealth v. Bell, 417 Pa. 291, 208 A.2d 465 (1965); Commonwealth v. Coyle, 415 Pa. 379, 203 A.2d 782 (1964) and Commonwealth v. McCoy, 405 Pa. 23, 172 A.2d 795 (1961).

2. The Split Verdict Act became effective on December 1, 1959. Relator's trial took place in 1955. The Pennsylvania Supreme Court in Commonwealth v. Coyle, 415 Pa. 379, 172 A.2d 795 (1964) held that the statute's application is not retroactive.

duced during the case-in-chief for the sole purpose of aiding the jury in determining the proper penalty to be imposed after a finding that relator was guilty of first-degree murder.

■ Whether the pre-Split Verdict Act procedure of introducing records of prior convictions in the case-in-chief to aid the jury in assessing penalty violates the fundamental fairness requirement of the due process clause is a difficult question which has previously faced the Third Circuit on numerous occasions.[3] Considering that relator here had made no trial objection when his prior record was introduced for penalty purposes, we could, on the basis of United States ex rel. Thompson v. Price, 258 F.2d 918 (3rd Cir. 1958) and United States ex rel. Scoleri v. Banmiller, 310 F.2d 720 (3rd Cir. 1962) reject relator's claim. Irrespective of those grounds, we are bound by higher precedent to reject relator's argument. In Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) the Supreme Court upheld the analogous procedure under the Texas recidivist statutes which allowed a defendant's prior record to be introduced in the case-in-chief on the issue of penalty. In light of the State's interest in its own procedure, the Court reasoned that the possibility of prejudice is of lesser weight when the trial court gives an appropriate limiting instruction. 385 U.S. at 561, 87 S.Ct. 648. Subsequently, the Supreme Court, relying on *Spencer* expressly approved the constitutionality of the Pennsylvania practice here in issue in a per curiam *reversal*. See Rundle v. Johnson, 386 U.S. 14, 87 S.Ct. 847, 17 L.Ed.2d 695 (1967).

■ The *Spencer* and *Johnson* decisions make it clear that no matter how many prior convictions are involved, their recitation to the jury is immaterial where a proper limiting instruction is given. United States ex rel. Bolish v. Maroney, 409 F.2d 1404 (3rd Cir. 1969). The record shows here that such instructions were given. Although in cases more recent than *Spencer* and *Johnson* the Supreme Court has criticized and rejected the vitality of limiting instructions where specific constitutional rights were involved, see Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 (1968); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), we are bound by the *Spencer* and *Johnson* decisions and are constrained to adhere to them until they are overruled. We, therefore, reject relator's first ground raised in support of his petition.

■ Relator's second and third assertions are that his in-custody written confession was coerced, and that certain statements made during a reenactment of the crime were coerced. From our independent reading of the record of relator's State proceedings it is readily apparent that relator's counsel did not object to the voluntariness of his confession nor to the voluntariness of any statements at the re-enactment. Some objection was raised concerning two items contained in relator's written confession. However,

---

3. In United States ex rel. Thompson v. Price, 258 F.2d 918 (3rd Cir. 1958) a majority of the Court, while intimating that the Pennsylvania practice was not the best possible, upheld the procedure. The Court reasoned that no particular form of procedure was guaranteed by the due process clause and that the states are to be given the widest latitude in administering their own criminal systems. 258 F.2d at 921–922. The Court further added that the petitioner there, as is the situation here, did not raise an objection at trial to the prosecution's use of this evidence. In the later case of United States ex rel. Scoleri v. Banmiller, 310 F.2d 720 (3rd Cir. 1962) the Court limited its decision in *Thompson, supra*, to its particular facts and held that under the pre-Split Verdict Act procedure the introduction of twenty-five unrelated convictions in a capital case during the case-in-chief for the purpose of determining penalty violates due process of law. See also United States ex rel. Johnson v. Rundle, 243 F.Supp. 695 (E.D.Pa.1964) affd. per curiam 349 F.2d 416 (3rd Cir. 1965) revd. per curiam Rundle v. Johnson, 386 U.S. 14, 87 S.Ct. 847, 17 L.Ed.2d 695 (1967).

at no point was there any objection to its alleged involuntary character. A direct appeal was then taken to the Pennsylvania Supreme Court wherein relator was again represented by able counsel and again failed to raise any issue concerning the voluntariness of these statements. Since relator failed on both of the aforementioned occasions to object to the voluntariness of these statements, it is this Court's opinion that such constituted a waiver binding on relator so as to preclude him from further raising these claims in this Court. See Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1964); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). A legitimate State interest is served by adherence to the contemporaneous objection rule. The Pennsylvania Supreme Court has on many occasions noted that to permit such an untimely objection "would indeed disrupt the orderly and expeditious adjudication of penal accusations and would defeat the legitimate state interest." Commonwealth v. Richardson, 433 Pa. 195, 202, 249 A.2d 307, 311 (1969); Commonwealth ex rel. Fox v. Maroney, 417 Pa. 308, 207 A.2d 810 (1965); Commonwealth v. Snyder, 427 Pa. 83, 233 A.2d 530 (1967) cert. denied 390 U.S. 983, 88 S.Ct. 1104, 19 L.Ed.2d 1281 (1968); Commonwealth ex rel. Mumford v. Cavell, 423 Pa. 280, 223 A.2d 852 (1966). Although appellant has waived his right to challenge the voluntariness of these statements, we have independently reviewed both his original trial record and the testimony contained in his post conviction proceedings and find relator's contentions as to voluntariness to be without merit. Furthermore, relator did not have the right to have free counsel present at the re-enactment of the crime. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct.

1772, 16 L.Ed.2d 882 (1966); Commonwealth ex rel. Mumford v. Cavell, 423 Pa. 280, 223 A.2d 852 (1966). As to relator's remaining contention concerning perjury of prosecution witnesses, we find this contention to be wholly unsupported in the record and totally without merit.

Accordingly, we will deny relator's petition for a writ of habeas corpus.