Commonwealth *v.* Cannon, Appellant.

340

Submitted September 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, ROBERTS and POMEROY, JJ.

*H. David Rothman,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 25, 1971:
This is an appeal from a dismissal without a hearing of a petition filed pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1970).

Appellant James Cannon was found guilty of murder in the first degree following trial by jury and on September 12, 1953, sentenced to life imprisonment. The judgment of sentence was affirmed on direct appeal. See 386 Pa. 62, 123 A. 2d 675 (1956). In 1965 appellant filed a petition for a writ of habeas corpus. Following a hearing at which appellant was represented by counsel, the petition was denied.[1] Approximately three years later appellant again sought relief by filing the present Post Conviction Hearing Act petition alleging: (1) ineffective assistance of counsel at trial, (2) the use of perjured testimony at trial, (3) the Commonwealth's suppression of exculpatory evidence, and (4) the discovery of exculpatory evidence subsequent to trial. None of these issues were raised in the 1965 habeas corpus proceeding.[2] The petition was dismissed without a hearing, and this appeal followed.

According to Sections 3(d) and 4(b) of the Post Conviction Hearing Act, an issue is waived and unavailable as a basis for relief if it was not raised in a prior counseled post-conviction proceeding actually conducted and petitioner is unable to prove the existence of extraordinary circumstances. The PCHA court dismissed the instant petition on the theory that the issues presently asserted were waived by appellant's failure to raise them in his 1965 habeas corpus petition and by his failure to allege any extraordinary circumstances. We do not agree.

This Court in the past has held without discussion that the waiver provisions of the Post Conviction Hear-

---

[1] Both prior and subsequent to the 1965 state habeas corpus proceeding appellant unsuccessfully sought relief in federal court. The prior federal habeas petition was dismissed on the ground of appellant's failure to exhaust his available state remedies.

[2] Nor were they raised in appellant's federal petitions. See note 1, supra.

ing Act are fully retroactive. See, e.g., *Commonwealth v. Johnson,* 433 Pa. 582, 252 A. 2d 641 (1969); *Commonwealth v. Henderson,* 433 Pa. 585, 253 A. 2d 109 (1969). Upon further consideration of this matter, we believe that those decisions were ill-founded and now hold that the waiver provisions of the Act do not apply retroactively to habeas corpus proceedings instituted prior to the effective date of the Act.

At common law the dismissal of a habeas corpus petition was not a bar to a second petition or writ. *Commonwealth ex rel. Bordner v. Russell,* 422 Pa. 365, 221 A. 2d 177 (1966); *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 3 n.1, 213 A. 2d 613, 615 n.1 (1965). See also *Sanders v. United States,* 373 U.S. 1, 83 S. Ct. 1068 (1963); *Darr v. Burford,* 339 U.S. 200, 214, 70 S. Ct. 587, 596 (1950); *Waley v. Johnston,* 316 U.S. 101, 105, 62 S. Ct. 964, 966 (1942); *Wong Doo v. United States,* 265 U.S. 239, 240-41, 44 S. Ct. 524, 525 (1924); *Salinger v. Loisel,* 265 U.S. 224, 229-31, 44 S. Ct. 519, 521 (1924). Thus, absent clear and direct evidence that a petitioner had abused the writ by seeking to litigate his claims in a piecemeal fashion as a means of vexation, harassment and delay, the failure to raise an issue in a prior habeas corpus petition did not foreclose judicial consideration of the merits of that issue in a subsequent proceeding. We so held in *Commonwealth ex rel. Bordner v. Russell,* supra at 370-72, 221 A. 2d at 179-81. See also *Commonwealth ex rel. Stevens v. Myers,* supra.

In light of the then existing limited notion of finality traditionally associated with and applied to the writ of habeas corpus and in the absence of clear and direct evidence of an abuse of the writ, we cannot conclude that appellant knowingly and understandingly waived his present claims by virtue of his failure to raise them in a pre-PCHA 1965 habeas corpus petition. Accord-

ingly, he must now be afforded an adjudication on the merits of those claims.

The order dismissing appellant's petition is vacated and the record remanded for further proceedings consistent with this opinion.[3]

Mr. Chief Justice BELL dissents.

Mr. Justice COHEN took no part in the decision of this case.

Mr. Justice O'BRIEN took no part in the consideration or decision of this case.

---

[3] We feel compelled to comment here on the fact that the Commonwealth's attorneys have been less than helpful in our disposition of this appeal. Although the present appeal was submitted for our consideration on September 28, 1970, the Prothonotary of this Court did not receive the Commonwealth's brief until February 8, 1971, *almost four and one half months later.* While we would sympathize with the workload of any public attorney's office, we are in full accord with the following recent statement of the Court of Appeals for the Third Circuit: "We take this occasion to point out, however, that we will not tolerate the practice by some public appellees, which we have found to be all too common, of postponing our consideration of appeals from the denial of habeas corpus petitions by the expedient of neglecting to file timely briefs. The court cannot permit itself to be placed in the position where it must either perform the research which should be done by the public representative of a habeas corpus respondent or accept the petitioner's contentions and release him on bail pending appeal. We have on other occasions directed prosecuting attorneys to show cause why they should not be suspended from practice in this court for such inexcusable neglect. We will do so in the future." *United States ex rel. Boyd v. Rundle*, 437 F. 2d 405, 406 (3d Cir. 1970).