Commonwealth *v.* Butler, Appellant.

Submitted November 12, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*R. Barclay Surrick,* Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 22, 1971:

In April, 1959, appellant was convicted by a jury of first-degree murder and was sentenced to a term of life imprisonment. Since that time appellant has filed a number of habeas corpus petitions, all but one of which were filed without counsel. The only exception was a counselled habeas corpus petition filed in and heard by the United States District Court for the Eastern District of Pennsylvania in 1963.

On November 6, 1968, appellant filed the instant post-conviction petition alleging that he was denied his constitutional right of appeal. The post-conviction court dismissed the petition by opinion and order without a hearing on February 24, 1969. In its opinion, the court justified the dismissal of appellant's petition by stating that the appellant had already "exhausted his rights under the Post Conviction Hearing Act of 1966 . . ." because of the 1963 habeas corpus proceedings.

Apparently the court reasoned that appellant's failure to raise the issue of the denial of his right of appeal was a waiver of his right to litigate the issue and that there was no right to a hearing on the matter. This was error. In *Commonwealth v. Cannon*, 442 Pa. 339, 275 A. 2d 293 (1971), we held that the waiver provision of the Post Conviction Hearing Act does not apply retroactively to habeas corpus proceedings instituted prior to the effective date of the Act. That ruling is dispositive of the instant case.

Order reversed and case remanded for proceedings consistent herewith.

Mr. Justice COHEN took no part in the decision of this case.