**UNITED STATES of America ex rel. Lamar FAISON**

v.

**Joseph R. BRIERLEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

Civ. A. No. 70–3413.

United States District Court,
E. D. Pennsylvania.

July 2, 1971.

———◆———

Lamar Faison, pro se.

Arlen Specter, Dist. Atty., Philadelphia, Pa., for respondent.

OPINION

EDWARD R. BECKER, District Judge.

Relator, a state prisoner serving a life sentence following his conviction for murder in the first degree in the Court of Quarter Sessions of Philadelphia County, seeks a writ of habeas corpus alleging that he was denied due process of law for the following reasons: (1) the use of an involuntary confession at trial; (2) ineffective assistance of counsel; (3) improper voir dire; (4) introduction of irrelevant and prejudicial testimony concerning prior criminal acts; (5) introduction into evidence of his prior criminal record; (6) denial of counsel at a critical stage of the proceedings; (7) denial of a full consideration of his appeal by the whole bench of the Pennsylvania Supreme Court; and (8) improper reference to Pennsylvania Superior Court cases by the Pennsylvania Supreme Court when it affirmed relator's conviction. For the reasons hereinafter stated, we conditionally grant the writ.

On May 8, 1952, relator was tried and found guilty before Judge Gerald F. Flood and a jury. The facts adduced at trial, reduced to simplest terms, were as follows:

Relator was living in a meretricious relationship with one Flossie Barksdale for approximately eight months prior to the murder. On July 13, 1951, Miss Barksdale left relator. In the belief that she was "unfaithful" to him, relator took a revolver and went looking for her with the intent to kill her. He went to her brother-in-law Harold R. Dennis' house at 1525 Woodstock Street in Philadelphia, and, believing that Dennis was hiding Miss Barksdale from him, shot and killed Dennis. Relator claimed self-defense but was unable to convince the jury.

On May 16, 1952, relator filed motions for a new trial, which were denied by Judge Flood on May 14, 1953. Thereafter, relator filed a state habeas corpus petition which was denied by Judge Peter F. Hagan on February 10, 1967. Relator then filed a petition for a writ of habeas corpus in this court, which was denied by Judge C. William Kraft, Jr. on September 5, 1967. Subsequently, relator sought post-conviction relief under the Pennsylvania Post-Conviction Hearing Act[1], and on January 3, 1968, Judge Robert N. C. Nix, Jr. held that relator had been denied his right to appeal the

1. Pa.Stat., tit. 19, §, 1180–1 et seq. (1966).

original conviction, in violation of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and thereupon granted relator a right to appeal to the Pennsylvania Supreme Court *nunc pro tunc*. On March 25, 1970, after hearing argument on relator's *nunc pro tunc* appeal, the Pennsylvania Supreme Court unanimously affirmed the conviction.[2] Relator has therefore exhausted all available state remedies, and his case is in a proper posture for an adjudication of his constitutional claims. *See* Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

We have examined the notes of testimony of relator's trial, and the petitions, briefs, and opinions and orders of the collateral proceedings. We conclude that relator is entitled to relief because of the admission into evidence of relator's statement to the police, without a preliminary determination of its voluntariness outside the presence of the jury.[3] At the trial, the prosecution introduced into evidence a signed written confession made by relator to the police a few hours after he was arrested for the murder of Harold Dennis. This confession was read into evidence by Detective Francis Kelly of the Philadelphia Homicide Division, after Detective Kelly was examined as to the circumstances surrounding the taking of the confession. At no time prior to trial was a determination made by the trial judge as to the voluntariness of the relator's confession. The Court did not instruct the jury to disregard the statement if it considered it involuntary; and there is nothing in the notes of testimony to indicate that the judge determined that the confession was, in fact, voluntary.

In the case of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the Supreme Court held that a defendant was denied due process of law by the admission of his confession into evidence without a prior determination of its voluntariness. The Court also held that it was unconstitutional to admit the confession even with an instruction to the jury to disregard the confession if the jury determined that the confession was involuntarily made. Relator's conviction occurred in 1952, and the *Jackson* decision was not announced by the Supreme Court until 1964. Although federal courts have not held that the *Jackson* decision must be given retroactive effect [*see, e. g.,* United States ex rel. Russo v. New Jersey, 438 F.2d 1343, 1348 (3d Cir. 1971)], the Pennsylvania Supreme Court has held that the *Jackson* ruling must be given retroactive effect to state court convictions finalized prior to the date of *Jackson*. Commonwealth ex rel. Butler v. Rundle, 416 Pa. 321, 206 A.2d 283 (1965).

Thus, at first blush, it would appear that relator was entitled to relief in his *nunc pro tunc* appeal to the Pennsylvania Supreme Court. However, that court, while noting that the "rule enunciated by *Jackson* has been given retroactive effect, and [that] this issue would ordinarily be available to appellant" [Commonwealth v. Faison, 437 Pa. 432, 448, 264 A.2d 394, 402 (1970)], held that relator's failure to raise this issue in his prior state habeas corpus proceeding constituted a waiver of that issue within the meaning of section 4 of the Pennsylvania Post-Conviction Hearing Act and therefore precluded relator from raising the issue on appeal. The court stated:

"Section 4 embodies a rule of procedural finality whereby the failure to assert an alleged constitutional deprivation in an earlier litigation forecloses the opportunity to challenge that

2. Commonwealth v. Faison, 437 Pa. 432, 264 A.2d 394 (1970).

3. Although relator's allegation that his confession was involuntarily obtained would ordinarily necessitate our holding an evidentiary hearing before we could make an adjudication, [*see* Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963)], we conclude, in accordance with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), that such a hearing should be held by the state courts. See p. 991, infra.

deprivation in a subsequent proceeding." *Id.* at 442, 264 A.2d at 399.

While this section had previously only been applied to post-conviction hearing proceedings, in *Faison, supra,* the Pennsylvania Supreme Court held that the section 4 waiver also applied to *nunc pro tunc* appeals where a collateral state proceeding had been previously brought and the issue had not been raised there.

Although we agree with the Pennsylvania Supreme Court that constitutional issues which have not been raised earlier may be waived in subsequent proceedings [*see* Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965)], we find that the waiver provision in section 4 of the Post-Conviction Hearing Act has no applicability in the instant case for two reasons.

FIRST: The Pennsylvania Supreme Court has, within the last few months, repudiated its previous decisions which held that the waiver provisions of section 4 apply to preclude raising issues which were not raised in previous state habeas corpus proceedings. In Commonwealth v. Cannon, 442 Pa. 339, 275 A.2d 293, 294–295 (filed March 25, 1971), the court stated:

> "This Court in the past has held without discussion that the waiver provisions of the Post Conviction Hearing Act are fully retroactive. [citations omitted]. Upon further consideration of this matter, we believe that those decisions were ill-founded and now hold that the waiver provisions of the Act do not apply retroactively to habeas corpus proceedings instituted prior to the effective date of the Act."

As a result of the *Cannon* decision, which was decided subsequent to relator's *nunc pro tunc* appeal, it is now apparent that if relator failed to raise the issue of the voluntariness of his confession at his state habeas corpus proceeding before Judge Hagan, that fact

in no way precludes him from raising this issue on appeal to the Pennsylvania Supreme Court. Thus, were it to have Faison's appeal before it today, the Pennsylvania Supreme Court would have decided relator's claim on the merits and found that his *Jackson* rights were violated.

SECOND: It is clear to us, from a personal examination of the complete state court record, that relator did not fail to raise the confession issue in the state habeas corpus proceeding. We have found the state habeas corpus petition and have inserted a copy of it into our Court file.[4] In the petition, relator alleged that he: (1) had gone only to the fifth grade; (2) had been a patient in a state mental hospital; (3) did not have an attorney present when questioned by the police; (4) was told by the police that they were going to send him to the electric chair unless "he would tell them everything and sign a statement"; (5) signed the statement in fear of the foregoing threat; and (6) did not know his legal rights in that he did not have to make a statement. He added the conclusory allegation that the statement was involuntary.

It is not difficult to understand why this matter escaped the Pennsylvania Supreme Court. First of all, Judge Hagan did not mention it in his opinion, in which he stated that the only issue raised by relator was whether the introduction of his prior criminal record was proper. It may have been that relator's counsel did not stress the point, or that Judge Hagan did not consider it meritorious. Our view, however, is that if one pleads an issue, it is deemed to have been raised whether or not the judge expressly considers it in his opinion. When the case was before Judge Nix, he reached only the question of relator's entitlement to appeal. And when the case was transmitted to the Pennsylvania Supreme Court, the record before it, which we have also reviewed, did not contain

4. The Petition was docketed in the Court of Common Pleas No. 2 of Philadelphia County as of June Term 1965, No. 3987.

the habeas corpus petition; it contained only Judge Hagan's opinion and the trial record.

Thus, we have concluded that: (1) relator did not waive the confession issue in the state habeas corpus proceeding; and (2) even if it was waived, under the *Cannon* case, it may still be raised on appeal. For both these reasons, we hold that relator is entitled to relief as the result of the trial judge's failure to determine the voluntariness of the confession at trial. This relief requires that a *Jackson-Denno* hearing be held. If such hearing does not establish the voluntariness of the confession, his conviction may not stand.

The remaining question before us involves the forum for conducting the hearing. In *Jackson*, the Court stated:

"However, we think that the further proceedings to which Jackson is entitled should occur initially in the state courts rather than in the federal habeas corpus court. Jackson's trial did not comport with constitutional standards and he is entitled to a determination of the voluntariness of his confession in the state courts in accordance with valid state procedures. * * *" Jackson v. Denno, 378 U.S. 368, 393, 84 S.Ct. 1774, 1789, 12 L.Ed.2d 908 (1964).

Thus, in accordance with *Jackson,* we hold that relator is entitled to a hearing on the voluntariness of his confession in the state courts. If the hearing determines that the confession was voluntarily made, then the conviction and sentence must stand; however, if the hearing determines that the confession was not made voluntarily, then relator is entitled to a new trial, or to be released in its absence.

In view of our discussion of the preceding issue, and our conclusion that relator was denied his *Jackson-Denno* rights, it is unnecessary to pass upon relator's other claims. However, to avoid successive habeas corpus petitions, we have reviewed relator's other claims and have concluded that they are all without merit. All but two of these issues were raised and argued before the Pennsylvania Supreme Court and decided adversely to relator. The opinion in that case clearly disposes of these claims and correctly concludes that relator was not denied any constitutional rights based upon his other allegations. While we are not bound by constitutional decisions of state courts, we may give them great weight, and, upon our independent analysis, accord with their decisions. As the Supreme Court noted in United States ex rel. Smith v. Baldi, 344 U.S. 561, 569–570, 73 S.Ct. 391, 395, 97 L.Ed. 549 (1953):

"[N]ot 'unless special circumstances prevail, should the lowest federal court reverse the highest state court in cases where the constitutional issues have been disposed on the merits by the highest state court in an opinion specifically setting forth its reasons that there has been no denial of due process of law, and where the record before the state court and the allegations in the petition for the writ before the federal court fail to disclose that the state in its prosecution departed from constitutional requirements.'"

Finally, relator's two new claims, which were not raised in his *nunc pro tunc* appeal, are clearly frivolous. The Pennsylvania Supreme Court's opinion in relator's case was signed by Justice Pomeroy, with Chief Justice Bell concurring. As a result, relator mistakenly has concluded that only those two justices decided his appeal. Justice Pomeroy's opinion was, of course, for the whole court.

Relator also contends that the Pennsylvania Supreme Court erred by citing Pennsylvania Superior Court cases in its opinion. Since appeals from murder convictions go directly to the Supreme Court, and bypass the Superior Court, relator argues that the Supreme Court should not rely upon lower court cases. This argument is untenable. Obviously, the fact that one has a right to appeal directly to the Supreme Court does not

prevent that court from citing lower court cases for correct propositions of law.

We conclude that, except for the admission of relator's confession, all of relator's other claims are without merit. As to the admission of relator's confession, we hold that in light of the *Jackson* case and the retroactivity which it has been given by the Pennsylvania Supreme Court, relator is entitled to an evidentiary hearing to determine the voluntariness of his confession.