## Commonwealth *v*. Melton, Appellant.

Submitted April 20, 1970; argued May 2, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Louis M. Natali, Jr.,* with him *Benjamin Lerner, Jack Himmelstein* and *Anthony G. Amsterdam,* for appellant.

*James D. Crawford,* Deputy District Attorney, *Mark Sandrow,* Assistant District Attorney, with them *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 17, 1972:

Rose Schloss was murdered and her husband brutally beaten when their home and delicatessen store were robbed on December 13, 1958. Appellant was tried before a jury and found guilty of murder in the first degree on April 23, 1959, with a sentence of death. Appellant's motion for a new trial was granted by the lower court, and that order was affirmed by this court, which dismissed the Commonwealth's appeal. *Commonwealth v. Melton,* 402 Pa. 628, 168 A. 2d 328 (1961). On May 29, 1961, appellant pleaded guilty to murder. Thereafter, a three-judge court heard evidence and found appellant guilty of murder in the first degree and imposed the death sentence. An appeal to this

Court followed, and the judgment of sentence was affirmed. *Commonwealth v. Melton,* 406 Pa. 343, 178 A. 2d 728 (1962), cert. denied, 371 U.S. 851 (1962). Appellant was at all times represented by counsel.

Appellant then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania, which was denied. *U.S. ex rel. Melton v. Hendrick,* 218 F. Supp. 293 (E.D. Pa. 1963), affirmed 330 F. 2d 263 (3d Cir. 1964). Appellant's clemency petition before the Pennsylvania Board of Pardons was also denied.

On October 17, 1968, appellant, through his counsel, filed a petition under the Post Conviction Hearing Act. A stay of execution was granted and the Commonwealth then filed an answer requesting that the petition be dismissed for failure to allege facts which would justify the granting of relief under the act, or under any decision or under any provision of the Constitution. In the intervening eleven months, neither appellant nor his counsel sought to amend the petition, and, on October 16, 1969, appellant's petition was dismissed without a hearing.

An appeal to our Court followed, and on July 13, 1970, without the benefit of oral argument, we affirmed the lower court's dismissal of the appellant's post-conviction petition. In the interim between the filing of the appeal and the announcement of our decision appellant obtained new counsel. We permitted the filing of a petition for reargument and, after consideration of the petition, we granted appellant the right to reargument.

In appellant's original petition, filed in 1968, the only reason stated in support of appellant's request for judicial review under the Post Conviction Hearing Act was a citation of our opinion in *Commonwealth v. Harris,* 431 Pa. 114, 243 A. 2d 408 (1968). This reference

to *Harris* has since been explained, both in brief and oral argument, as being a reference to our decision in *Harris* that a guilty plea has no effect if made at a time when the defendant lacked sufficient mental capacity either to stand trial or to enter a plea on the indictment. It is alleged that Melton, like Harris, is a mental defective and, therefore, his mental incapacity should invalidate his plea.

The Commonwealth urges that appellant waived this issue by his failure to raise it in his second appeal. According to §4(b) of the Post Conviction Hearing Act,[1] an issue is waived if: "(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, . . . and (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."

Section 4(c) provides that: "There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

However, the Post Conviction Hearing Act did not become effective until March 1, 1966. Before 1966, there was no waiver doctrine either by statute or by case law. In 1961, when appellant pursued his direct appeal, failure to raise a claim involving a constitutional question on direct appeal was not grounds for denial of subsequent collateral relief of that claim by means of habeas corpus. See, e.g., *Com. ex rel. Wilson v. Rundle,* 412 Pa. 109, 194 A. 2d 143 (1963). Thus, appellant could have challenged for the first time in a habeas corpus proceeding his mental capacity to enter a voluntary and knowing guilty plea.

For this reason we believe that this case is controlled by our decision in *Commonwealth v. Cannon,*

---

[1] Act of January 25, 1966, P. L. (1965) 1580, §1 et seq. 19 P.S. §11801 et seq.

442 Pa. 339, 275 A. 2d 293 (1971). In *Cannon*, we held "that the waiver provisions of the Act [Post Conviction Hearing Act] do not apply *retroactively* to habeas corpus proceedings instituted prior to the effective date of the Act." Id. at 342, 275 A. 2d at 295 (emphasis supplied).

Similarly, we hold that the waiver provisions of the Post Conviction Hearing Act do not apply to appeals filed prior to March 1, 1966. Appellant has not filed any petition for collateral relief, except the Post Conviction Hearing Act petition now before us, subsequent to March 1, 1966. In this petition, as stated above, the claim of mental incapacity to enter a guilty plea is raised for the first time. Since the claim was not foreclosed by the prior direct appeal, it follows that appellant is entitled to an adjudication on the merits of his claim, and that his petition should not have been dismissed without a hearing.[2]

Order reversed and case remanded for a hearing consistent with this opinion.

---

[2] Appellant also raises on this appeal another issue, not asserted in his petition, viz., that his plea was induced by his fear of the death sentence at the hands of a jury selected in violation of the United States Constitution. See *Witherspooon v. Illinois*, 391 U.S. 510 (1968). But see *Brady v. United States*, 397 U.S. 742 (1970); *Commonwealth v. Hargrove*, 434 Pa. 393, 254 A. 2d 22 (1969). In view of our remand for an evidentiary hearing, there will be opportunity to amend the petition to assert this claim, if it is deemed to be meritorious, and to obtain a decision by the lower court. We need not reach the issue on this appeal.