336 A.2d 313
**COMMONWEALTH of Pennsylvania**
**v.**
**Paul R. SMITH, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 21, 1974.

Decided April 17, 1975.

Anthony P. Baratta, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., James J. Wilson, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. for Law, F. Emmett Fitzpatrick, Dist. Atty., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

MANDERINO, Justice.

The appellant, Paul R. Smith, pled guilty to murder on January 30, 1961. Following a degree of guilt hearing, he was found guilty of murder in the first degree, and sentenced to life imprisonment. No appeal was taken from the judgment of sentence.

In 1964, appellant filed an uncounseled habeas corpus petition in the trial court. Relief was denied. An appeal to this Court was filed but subsequently withdrawn by appellant. In 1967, appellant filed an uncounseled petition under the Post Conviction Hearing Act. Relief was denied, and an appeal was taken to this Court. We remanded for the appointment of counsel and a hearing on appellant's post-conviction petition. Counsel was appointed and a hearing was subsequently held on January 29, 1970. Relief was denied and this appeal followed.

Appellant contends that he was denied his right of appeal following the judgment of sentence entered in 1960. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). During the January 29, 1970, hearing, testimony was received on this issue, however, the trial court's opinion did not address itself to the issue. Normally we would remand for a consideration of the claim raised. In this case, however, testimony given at the post-conviction hearing by appellant and by appellant's trial counsel was to the effect that appellant was not advised of any appeal rights. Trial counsel additionally indicated that an appeal would not have been advisable because if a retrial were granted, appellant would be faced with a possibility of the death sentence. See *Commonwealth v. Littlejohn*, 433 Pa. 336, 250 A.2d 811 (1969); *Commonwealth v. Floyd*, 451 Pa. 366, 304 A.2d

131 (1973). This testimony was uncontradicted. Furthermore, the prosecution makes no claim that appellant was properly advised of his appellate rights following the judgment of sentence in 1960. From the testimony on the record before us, we conclude that the appellant was not advised of his *Douglas* rights.

██ The prosecution, however, contends that even though appellant raised this issue in his 1967 post-conviction petition, he waived his *Douglas* rights because he failed to raise them in his 1964 habeas corpus petition. We must reject this argument for two reasons. First, appellant's 1964 habeas corpus petition was an uncounseled petition, and, second, prior to the Post Conviction Hearing Act, failure to raise an issue in a petition for habeas corpus did not constitute a waiver precluding the raising of the issue in a later collateral proceeding. *Commonwealth v. Melton*, 449 Pa. 223, 296 A.2d 727 (1972); *Commonwealth v. Butler*, 442 Pa. 476, 276 A.2d 536 (1971).

██ Appellant also contends that his confession should be suppressed because it was obtained during a period of unnecessary delay. This issue was raised by the appellant in the PCHA proceeding, but no determination was made by the trial court. We do not, therefore, consider the issue at this time. It may be raised in post-verdict motions on remand. *See Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975).

██ The prosecution contends that in the interest of judicial economy, this Court should undertake to review the trial record in order to determine whether any error exists which would warrant a new trial. The review of the record in the first instance, however, must be the review of an advocate representing the appellant, not the review of a court without the benefit of an advocate's assistance. We therefore grant appellant the right to file post-trial motions as though timely filed. Following the

disposition of these motions, the parties will be entitled to pursue the normal appellate procedure.

This matter is remanded for proceedings consistent with this opinion.

EAGEN, POMEROY and NIX, JJ., concurred in the result.