383 A.2d 1263

**COMMONWEALTH of Pennsylvania**

v.

**Timothy LYNCH, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 11, 1976.

Decided March 23, 1978.

Martin N. Ghen, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

EAGEN, Chief Justice.

On August 28, 1972, the appellant, Timothy Lynch, was convicted by a jury in Philadelphia of murder of the second degree. Following the imposition of sentence, an appeal was filed and argued by counsel in this Court. On January 24, 1974, we entered an order affirming the judgment of sentence. See *Commonwealth v. Lynch*, 455 Pa. 213, 314 A.2d 274 (1974).

In May, 1975, Lynch petitioned for habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The petition was dismissed without conducting an evidentiary hearing on June 6, 1975.

On December 15, 1975, Lynch filed a petition in the Court of Common Pleas of Philadelphia seeking post-conviction relief pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1977–78) [Hereinafter: P.C.H.A.]. After a counseled hearing, relief was denied and the petition dismissed. This appeal is from that order.

At trial, the court instructed the jury that Lynch carried the burden of proving by a preponderance of the evidence his claim the killing was committed in self-defense. This was in accord with the law of Pennsylvania at the time. *Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A.2d 108 (1970) [Hereinafter: *Winebrenner* ]. Counsel objected to this instruction and requested the court charge Lynch carried no burden of proof. The court refused to do so. The propriety of this ruling was not raised on direct appeal.[1] Lynch now argues the court's ruling was erroneous in light of *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974) [Hereinafter: *Rose* ], and he should be granted a new trial.

Section 3(c) of the P.C.H.A. provides a petitioner is eligible for relief if, *inter alia,* his conviction or sentence resulted from:

> "(12) [t]he abridgement . . . of any right guaranteed by . . . the constitution . . . of the United States, including a right that was not recognized as existing at the time of the trial if the constitution requires retrospective application of that right . . . ."

To determine if Lynch is entitled to relief under Section 3(c) requires a consideration of the development of the law in this area.

In *Rose,* we reversed the conviction and granted a new trial after disapproving a charge placing the burden of proving an intoxication defense on the accused. We based this ruling on state evidentiary grounds. In *Commonwealth v. Cropper,* 463 Pa. 529, 345 A.2d 645 (1975) [Hereinafter: *Cropper* ], we affirmed the conviction but noted the court

1. Neither was the issue raised in Lynch's habeas corpus petition.

erred in charging the jury the accused had the burden of proving self-defense by a preponderance of the evidence. We grounded that conclusion on the new Crimes Code, 18 Pa.C.S.A. § 101 *et seq.,* and avoided the question of whether *Rose* applied in the context of self-defense. But in *Commonwealth v. Lesher,* 473 Pa. 141, 147 n. 3, 373 A.2d 1088, 1091 n. 3 (1977) [Hereinafter: *Lesher*], we said: "there can now be little doubt *Rose* would have compelled the same conclusion" arrived at in *Cropper.* Thus, *Lesher* left little doubt that *Rose* overruled *Winebrenner,* wherein we rejected the argument that placing the burden of proving self-defense on an accused constitutes error. In *Winebrenner,* we considered our ruling in *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959) [Hereinafter: *Bonomo*], which disapproved placing the burden of proving alibi on an accused, and ruled *Bonomo* did not apply where the plea was self-defense.

In *Commonwealth v. Hilbert,* 476 Pa. 288, 382 A.2d 724 (1978) [Hereinafter: *Hilbert*], a "plurality" of this Court stated that placing the burden of proving self-defense on an accused charged with murder under Pennsylvania law prior to adoption of the new Crimes Code violates the accused's federal constitutional right to due process of law [2] as explained by *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) [Hereinafter: *Mullaney*] and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) [Hereinafter: *Winship*]. Furthermore, *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977) [Hereinafter: *Hankerson*], made it clear *Mullaney* is to be given "complete retroactive effect."

**2.** Mr. Justice O'Brien, speaking for himself and Mr. Justice Pomeroy, authored the opinion of the court. This writer filed a concurring opinion which is in accord with the above stated principle. Mr. Justice Roberts, in *Commonwealth v. Ernst,* 476 Pa. 102, 381 A.2d 1245 (1977) (opinion in support of reversal) [Hereinafter: *Ernst*], speaking for himself, Mr. Justice O'Brien, and Mr. Justice Manderino, stated *Rose* was "required by the United States Constitution." *Rose* involved intoxication, but *Lesher,* prior to *Ernst,* had indicated *Rose* also applied in the context of self-defense. It follows that a majority of the Court has expressed a view which is in accord with the view of the plurality in *Hilbert.*

■ Thus, while the decisions which disapproved placing the burden of proving self-defense on an accused, namely *Cropper* and *Lesher,* were made pursuant to state law, this disapproval was also compelled by the federal constitution since placing the burden of proving self-defense on an accused charged with murder under Pennsylvania law prior to the adoption of the new Crimes Code violates the accused's federal constitutional right to due process of law. *Hilbert, Mullaney, Winship.* Furthermore, this must be given "complete retroactive effect" as was *Hankerson.*

■ The Commonwealth argues the issue is waived because Lynch failed to raise it on direct appeal or in his habeas corpus petition to the federal district court.

Section 3(d) of the P.C.H.A. provides a petitioner is eligible for relief only if ". . . the error resulting in his conviction and sentence has not been . . . waived." Section 4(b) of the P.C.H.A. provides, *inter alia:*

". . . an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . on appeal [or] in a habeas corpus proceeding . . ."

Section 4(c) of the P.C.H.A. provides:

"There is a rebuttable presumption that a failure . . to raise an issue is a knowing and understanding failure."

In interpreting the P.C.H.A., we have said:

"[t]he overall import of a § 4 waiver is that a petitioner may not raise an issue in a Post Conviction Hearing Act proceeding if he has had any previous opportunity to raise the issue, but failed to do so, provided however that this failure was knowing and understanding and that there are no extraordinary circumstances attendant upon the failure to raise [the issue] . . . It would be manifestly unfair to hold [a petitioner] to a waiver when this waiver is alleged to have occurred at a time when neither [petitioner] nor his attorney had any way of knowing that there existed a right to be waived."

*Commonwealth v. Cheeks,* 429 Pa. 89, 95, 239 A.2d 793, 796 (1968).

Lynch's direct appeal was filed on January 4, 1973, and disposed of on January 24, 1974. Both *Bonomo* and *Winship* were decided prior to that time and might be considered sufficient notice to Lynch and his attorney that the objection to the trial court's instruction on the burden of proof had sufficient merit to warrant pursuing the objection post-trial. Cf. *Commonwealth v. Humphrey,* 473 Pa. 533, 375 A.2d 717 (1977).[3] Indeed, those decisions may have triggered counsel's objection at Lynch's trial. But *Winebrenner* was decided subsequent to both of those decisions and, after consideration of *Bonomo, Winebrenner* rejected the argument that placing the burden of proving self-defense on an accused constituted reversible error. Furthermore, *Rose* was not decided until after final disposition of Lynch's direct appeal. Under the circumstances, we are not disposed to rule that Lynch and his counsel failed to raise the issue "knowingly and understandingly." [4]

The Commonwealth's argument that the issue is waived for failing to raise it in the federal habeas corpus proceeding requires little discussion because the record does not show that Lynch was represented by counsel in that proceeding,[5] and we have said that "waiver may be *presumed* only where the petitioner had counsel at the time the waiver allegedly occurred." *Commonwealth v. Mumford,* 430 Pa. 451, 455, 243 A.2d 440, 442 (1968). [Emphasis in original.] See *Commonwealth v. Smith,* 461 Pa. 336, 336 A.2d 313 (1975); *Commonwealth v. Haynes,* 234 Pa.Super.

3. There we held counsel ineffective for failing to object at trial to references to an accused's silence under circumstances which should have made counsel aware that such an objection would raise an issue of arguable merit.

4. We are not unmindful of the United States Supreme Court's statement in *Hankerson* that the states may insulate past convictions through waiver rules. But as outlined above, waiver in the context of a constitutional right which is given retroactive effect must, under Pennsylvania law, be knowing and the failure to raise an issue regarding an unknown right can hardly be considered a knowing waiver.

5. The district court's docket entries do not indicate counsel entered an appearance.

556, 340 A.2d 462 (1975). Cf. *Commonwealth v. Haywood,* 441 Pa. 177, 272 A.2d 727 (1971).

The order of the Court of Common Pleas of Philadelphia is vacated, the judgment of sentence is reversed, and a new trial is granted.

POMEROY, J., joins in this opinion and filed a concurring opinion in which EAGEN, C. J., joins.

NIX, J., concurs in the result.

POMEROY, Justice, concurring.

I join in Chief Justice Eagen's opinion for the Court in this case. Because, however, the relationship of the instant decision to some of our other recent decisions may not be readily apparent, and because the problem of burdens of proof in "affirmative defense" situations and the problem of retroactivity and waiver in connection therewith present a rather treacherous area, I venture this supplementary statement of my own understanding.

The case at bar comes to us by way of an appeal from an order denying relief in a collateral proceeding under the Post Conviction Hearing Act. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §§ 1180–1 *et seq.* (Supp.1977–78). The trial was in 1972 and the defense was self-defense. The defendant's claim that he carried no burden of proof with respect to that defense was properly preserved at trial, but no appeal was taken because, one may assume, the trial court's charge to the contrary was in accordance with the law of this Commonwealth as it then stood. As the Chief Justice's opinion makes clear, that law has since been changed for us by the Supreme Court of the United States in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The Supreme Court has also instructed that the new burden of proof with respect to the defense of self-defense is to be applied retrospectively. *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977).

In *Commonwealth v. Ernst,* 476 Pa. 102, 381 A.2d 1245 (1977), this Court, by an equal division, affirmed a murder conviction in which the defense was insanity. That issue was raised in the evidence, but the trial court's charge stated that the burden was on the defendant to prove insanity by a preponderance of the evidence. This charge, too, was in accordance with settled Pennsylvania law at the time of trial,[1] and no objection was taken to it by the defense. By the time the case came to this Court the law as to burden of proof as to insanity where that defense was in issue had been changed. See n. 1, *supra.* We nevertheless enforced our normal waiver rule because, contrary to our expectations, *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), made it clear that the placement of burdens regarding the insanity defense were not matters of federal constitutional dimension unless some element of the crime in question is involved.[2] To the same effect is *Commonwealth v. Colbert,* 476 Pa. 531, 383 A.2d 490 (1978), where the defense was intoxication. There was no objection to the placement of the burden of proof regarding intoxication of the defendant, and although the law on this issue changed after the case was tried (see *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974)), the question was nonconstitutional in nature and the waiver rule was enforced.

The circumstances of the case at bar are different. As Mr. Chief Justice Eagen notes, a majority of this Court is in

1. See, e. g., *Commonwealth v. Zlatovich,* 440 Pa. 388, 393, 269 A.2d 469 (1970), *overruled in part in Commonwealth v. Demmitt,* 456 Pa. 475, 321 A.2d 627 (1974).

2. As the opinion in support of affirmance in *Ernst* pointed out, however, several defendants were accorded the benefit of our decision in *Demmitt, supra,* although their trials preceded the decision in *Demmitt,* because the issue of burden of proof relative to the affirmative defense had been preserved by a timely objection below. See, e. g., *Commonwealth v. Moyer,* 466 Pa. 464, 353 A.2d 447 (1976). But cf. *Commonwealth v. Cain,* 471 Pa. 140, 369 A.2d 1234 (1977) (opinions in support of affirmance) (preservation of objection to refusal to charge on voluntary manslaughter does not result in new trial, since subsequently announced right to such charge is not accorded retroactive effect).

agreement that the Constitution of the United States requires not only that the Commonwealth prove the absence of self-defense beyond a reasonable doubt when that issue is properly raised by the evidence in the case, but also that this requirement must be given retrospective effect. Opinion of the Court, *ante* at [slip opinion at 3–4]. See *Commonwealth v. Hilbert*, 476 Pa. 288, 382 A.2d 724 (1978). Since the retroactivity of the burden of proof holding with respect to self-defense has been settled for us by the United States Supreme Court, see *Hilbert, supra; Hankerson v. North Carolina, supra,* the remaining question is whether our state law waiver rules nevertheless bar a new trial. See *Hankerson, supra,* at n. 8, 53 L.Ed.2d at 316 n. 8. In the context of the instant case, this question is also settled for us, this time by Pennsylvania's Post-Conviction Hearing Act (the Act), *supra.*

Under Section 4(c) of the Act, 19 P.S. § 1180–4(c), a waiver of a claim which may be asserted under the Act occurs when a defendant fails to raise it on direct appeal, and this waiver is presumed to be "knowing and understanding." See, e. g., *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). But by the terms of Section 4(c) itself, this presumption is rebuttable. If the post-conviction petitioner is able to show the existence of "extraordinary circumstances [justifying] his failure to raise the issue" at a prior opportunity, the issue is not waived. Section 4(b)(2) of the Act, 19 P.S. § 1180–4(b)(2). I agree with the Court that at the time of Lynch's direct appeal the condition of the law of Pennsylvania relative to the burden of proof on the affirmative defense of self-defense was such that he should not be held to have "knowingly and understandingly" waived the burdens issue for purposes of the Act by failing to press the question on direct appeal.

Given the constitutional dimensions of the burden of proof issue which this case presents and our inability to find a valid waiver of that issue, the terms of the Act require that a new trial be granted to this appellant. Under Section 3(c)(12) of the Act, 19 P.S. § 1180–3(c)(12), Lynch is entitled

to relief if there was an abridgement of a federal constitutional right "that was not recognized as existing at the time of trial [and] if the constitution requires retrospective application of that right." See, e. g., *Commonwealth v. Faison,* 437 Pa. 432, 441–43, 264 A.2d 394, 399 (1970); *Commonwealth v. Hall,* 447 Pa. 572, 287 A.2d 441 (1972); *Commonwealth v. Pugh,* 447 Pa. 582, 288 A.2d 519 (1972); *Commonwealth v. Richardson,* 433 Pa. 195, 203–04, 249 A.2d 307 (1969). Thus I agree with the Court that a basis for relief under the Act is made out in this case and that a new trial is required.

EAGEN, C. J., joins in this concurring opinion.