396 A.2d 1197

COMMONWEALTH of Pennsylvania, Appellee,

v.

Nathaniel SWINT, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 16, 1978.

Jan. 24, 1979.

John W. Packel, Asst. Defender Chief, Appeals Div., Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty., Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM:

Appellant, Nathaniel Swint, was tried on charges of murder, voluntary manslaughter, involuntary manslaughter, and assault, and convicted by a jury of murder in the second degree on March 11, 1970. On direct appeal, we affirmed the judgment of sentence. *Commonwealth v. Swint,* 450 Pa. 54, 296 A.2d 777 (1972). On September 17, 1975, appellant filed a petition under the Post Conviction Hearing Act, alleging, among other things that he was denied certain constitutional rights at trial. Counsel was appointed and a hearing conducted, following which appellant's petition was denied. This appeal followed.

Appellant raises several issues here, but because we conclude that one of these allegations requires the grant of a new trial, we need not discuss the other issues raised. The prosecution argues that appellant has not properly preserved this issue for appellate review. We have examined the record, and reject the prosecution's contention.

Appellant contends that he is entitled to a new trial because the trial court instructed the jury at his first trial

that self-defense was an affirmative defense, and that before the jury could acquit on that basis, the defendant must prove by a preponderance of the evidence that he killed under circumstances justifying his belief that his life could not otherwise be saved. We agree. *See Commonwealth v. Lynch,* 477 Pa. 390, 383 A.2d 1263 (1978).

Judgment of sentence is reversed and a new trial granted.

O'BRIEN, J., and POMEROY, former J. did not participate in the decision of this case.

EAGEN, C. J., filed a concurring opinion.

NIX, J., concurred in the result.

LARSEN, J., dissents because the issue was not preserved.

EAGEN, Chief Justice, concurring.

Since the direct appeal in this case was decided prior to the decision in *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974), but subsequent to the decision in *Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A.2d 108 (1970), I agree a new trial is warranted here. *Cf. Commonwealth v. Lynch,* 477 Pa. 390, 383 A.2d 1263 (1978).