416 A.2d 1117

**COMMONWEALTH of Pennsylvania**

v.

**Clyde Eugene HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 7, 1979.

Filed Dec. 21, 1979.

Raymond C. Hedger, Jr., Harrisburg, for appellant.

LeRoy S. Zimmerman, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

PER CURIAM:

During the trial of appellant, Clyde Eugene Hill, in 1973, the jury was charged, without objection by the defense, that appellant had the burden of proving the defense of insanity by a preponderance of the evidence. Subsequent to appellant's conviction the Supreme Court of Pennsylvania held that it is error to place such a burden on a defendant. *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974). Appellant in this appeal from the judgment of sentence contends, as he did in nunc pro tunc post-verdict motions, that his judgment of sentence should be reversed and a new trial granted because the burden of proving insanity was placed upon him.

The issue before us is whether appellant is entitled to have the law of *Demmitt, supra,* applied to his case. This specific issue was before the Supreme Court of Pennsylvania in *Commonwealth v. Ernst*, 476 Pa. 102, 381 A.2d 1245 (1977). Six justices of the Supreme Court considered the *Ernst* appeal. The six justices agreed, although for different reasons, that an appellant is entitled to the benefit of the *Demmitt* decision if during trial an objection was entered to the charge placing the burden of proving insanity on the accused.

The six justices, however, did not agree as to whether the benefit of *Demmitt* was to be accorded to an appellant at whose trial no objection was entered to the charge placing the burden on the accused. Three justices, Justices O'Brien, Roberts and Manderino, joined in an opinion by Justice Roberts which expressed the view that all convictions, whether or not prior to *Demmitt*, must be reversed if the burden of proving insanity was placed on the accused. Chief Justice Eagen and Justice Pomeroy joined in an opinion by

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

Justice Pomeroy expressing the view that in cases prior to *Demmitt* relief should be given only if the defense had objected to the burden of proof charge when given during an accused's trial. Justice Nix, the sixth justice sitting in the *Ernst* appeal, joined in the result which denied relief to appellant Ernst.

Although a majority of the seven members of the Supreme Court have not as yet expressed a view on whether a conviction should be reversed when the burden of proof as to insanity is erroneously placed, without objection, on the accused, the appellant in *Ernst*, similarly situated to appellant before us, was denied relief. Accordingly, we likewise deny relief to the present appellant. In doing so, however, we urge that the Supreme Court again consider the issue raised in *Ernst* by granting a petition for allowance of appeal in this case, should one be filed, so that a controlling decision may be reached in the matter. *See also Commonwealth v. Colbert*, 476 Pa. 531, 383 A.2d 490 (1978); *Commonwealth v. Lynch*, 477 Pa. 390, 383 A.2d 1263 (1978); *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974).

Judgment of sentence affirmed.

MANDERINO, J., files a concurring opinion.

This decision was reached prior to the death of MANDERINO, J.

MANDERINO, Judge, concurring:

I join in the opinion of the panel, but note that when sitting as a member of the Supreme Court I have agreed that appellants, upon whom the burden of proving insanity was placed, were convicted unconstitutionally under both the Pennsylvania and federal Constitutions and are therefore entitled to new trials. *Commonwealth v. Ernst*, 476 Pa. 102, 109, 381 A.2d 1245, 1248 (1977). (Roberts, J., dissenting).